BERNARD HEMKEN *v.* WILLIAM W. FARMER.

It is not necessary that a citation should contain the name of the judge of the court
   from which it is issued.   Art. 179 of the Code of Practice enumerates all the requi-
   sites of a citation.
Where the record shows that the defendant moved to have a judgment by default set
   aside, he will not be permitted to urge before the appellate court, that no such judg-
   ment was obtained.
It is not required that the grounds upon which a judgment by default was taken,
   should be stated in the record.   The absence of any exception, or answer, is, itself,
   evident and sufficient ground.
Where the record contains the evidence on which a judgment by default was made
   final, it is unnecessary that it should state that it was taken down at the request of
   either party.

APPEAL from the District Court of Union, *Willson,* J.

*McGuire,* for the plaintiff.

*Copley,* for the appellant.

MARTIN, J.   The defendant and appellant has placed this suit
before us, on a bill of exceptions and an assignment of errors.
The defendant moved for a dismissal of the suit, and on the refu-
sal of the judge below took a bill of exceptions.   The bill states :
*First.* That the copy of the citation served on him did not contain
the name of the judge of the court, from which it was issued.
*Second.* That it was not a true copy of the original citation.

In the copy of the citation the name of the judge was not writ-
ten at full length, although it was so in the original, *E. H. Wilson*
being written in the latter, and *E. H. Will* in the former.   It does
not appear to us that the judge erred.   The Code of Practice, art.
179, contains an enumeration of all that is required to constitute a
legal citation, and no mention is made therein of the necessity of
its containing the name of the judge of the court from which it is
issued.   As this name, therefore, need not have been inserted in
the original citation, the omission, or mis-spelling of it in the copy,
ought not to be fatal.

The errors assigned are : *First,* That it does not appear that
any judgment by default was taken, nor, if taken, on what day.
*Second,* That it does not appear that three judicial days elapsed
between such judgment and the time of its being made final.

*Third*, That the ground on which a judgment by default was ta-
ken is not stated, nor the evidence upon which it was made final.
The defendant having moved that the judgment by default taken
against him should be set aside, on the ground that the citation to
him was not in due form, cannot be listened to when he urges
that no judgment by default was taken.

The law does not require that the grounds upon which a judg-
ment by default was taken, should be stated in the record. The
absence of any exception or answer in the record, is itself a suffi-
cient and evident ground for such a judgment. The record con-
tains the evidence on which the judgment by default was made
final; but the defendant and appellant's counsel urges, that as the
record does not state that the evidence was taken down at the re-
quest of either party, it must be considered as if it had not been
taken down. This is certainly a *non sequitur*.

*Judgment affirmed.*