No. 2463.—STATE OF LOUISIANA, ex rel., etc. *v.* JAMES R. HEAD.

The insertion of the name of a judge in a citation whose title to office is in dispute, will not invalidate the petition or citation.

In a contest for office under the act of the General Assembly of 1868, No. 156, either party has a right to a trial by jury, and if a special term is ordered, the judge may, when required by either party, order a special jury to try the cause.

APPEAL from the District Court, parish of Bienville. *Lewis,* J. *N. J. Sandlin,* District Attorney. *L. B. Watkins,* for plaintiff and appellee. *H. Gray* and *B. W. Pearce,* for defendant and appellant.

HOWE, J. This case came before us at the term held in Natchitoches, in August last, and was remanded to be proceeded with according to law. See 21 An. p. 550. It now comes up a second time on appeal from a judgment against the defendant.

The exception of the defendant, "that the petition was not addressed to a competent judge, being addressed to the honorable John L. Lewis, as shown by the attestation of the citation, who was not judge of the Eleventh Judicial District at the time said citation was issued or at the time the petition was filed," was properly overruled. The petition was addressed "to the honorable judge of the Eleventh Judicial District of

the State of Louisiana, holding sessions in and for the parish of Bien-
ville." The address was sufficient; and we fail to perceive how the
insertion in the citation of the name of a judge whose title to the offic-
is in dispute could invalidate the petition. The name of a judge forms
no part of a citation, and will be regarded as surplusage. C. P. 179;
Hemken v. Farmer, 3 Rob. 155; and it certainly can not be held to
modify the terms of a petition.

The exception that the residence of the plaintiff and of the defendant
is not set forth in the petition, was equally without merit.

In the view we have felt constrained to take of this case, it is unneces-
sary to pass upon the other exceptions.

The defendant, in his answer, prayed for a trial by jury, but the
judge a quo refused to allow the same. In this we think there was
error. The act of 1868, No. 156, under which this action was instituted,
no where deprives the defendant of the general right to a jury. It is
provided by the thirteenth section "that all the cases coming under
the provisions of this law may be tried before a judge of the district
in chambers, or at a special term called by said judge, on legal notice
being given the parties interested; and if required by either party the
judge may order a special jury, to be summoned according to law, to
try such case." We apprehend the meaning of this section to be that
the cause may be tried in chambers if neither party asks for a jury, but
if a jury be prayed for, it will be necessary, when a speedy trial is
desired, and a regular term is not in session, to appoint a special term,
and to summon a jury therefor under the power conferred by the last
clause of the section.

For the reasons given, it is ordered that the judgment appealed from
be reversed, and the cause remanded for a new trial, according to law.

Chief Justice Ludeling and Justice Howell absent.