Hon. FÉLIX P. POCHÉ,  
Hon. ROBERT B. TODD,  
Hon. THOMAS C. MANNING,  } *Associate Justices.*  
Hon. CHARLES E. FENNER,  

### No. 117.

J. P. HARRIS, ADMINISTRATOR, VS. JAMES A. PICKETT ET AL.——S. W.

VANCE ET AL. VS. JAMES A. PICKETT ET AL.

An administrator cannot sue in his own rights the succession which he represents, and, *vice versa*, as administrator he cannot sue himself.

Hence an heir to a succession, who has filed an opposition to an account presented by the administrator thereof, and who, before trial of his opposition, becomes administrator of the succession of the first or deceased administrator, cannot stand in judgment in his twofold capacity, and no trial can be had on the opposition as long as the complication lasts.

A PPEAL from the Second District Court, Parish of Bossier.
*Drew*, J.

---

*J. A. Snider* and *Lowry & Vance* for Plaintiffs and Appellees:

1. Appellants are estopped from assailing a judgment which is sustained by their own motions for non-suits.

2. Pending a trial upon exceptions filed by one party to a suit, the opposing party cannot avoid the force of the exceptions by non-suits. Crocker vs. Turnstall, 6 R. 354; Yorke vs. Allen, 20 A. 237.

3. If the facts in a case be sufficiently stated in the pleadings to sustain a legal proposition raised by an exception, the use of the phrase "by reason of the law," in the judgment,

---

*Absent during this term on account of illness.

is a compliance with Art. 87 of the Constitution. Hemken vs. Farmer, 3 R. 155 ; Powell vs. Oneal, sheriff, 24 A. 523.

4.  The action was premature, because it demanded judgment against the heirs of the surety on an administrator's bond without first having liquidated, by a judgment, the debt claimed from the principal on said bond. Pickett et als. vs. Gilmer et als.. 32 A. 991.

5.  A party cannot be both plaintiff and defendant in the same suit.  Succession of Farmer, 32 A. 1037.

   *Land & Land* on the same side :

1.  An administrator's bond  is extinguished by the *performance* of its condition, and both principal and surety are released and discharged.  Performance is payment of the bond. R. C. C. 2131.

2.  When the contract of the surety *is changed* by the *creditor*, or by *legal authorization*, the surety is released.  There are no presumptions against sureties ; they can only be held to the *precise terms* of *their obligations.*  The surety has the *right* to stand on the *very terms* of *his contract.*  The creditor has no right to make *any change,* though beneficial to the surety, under the penalty of releasing him. R. C. C. 3039 ; McGuire vs. Woldridge, 6 R. 40 ; 2 Hennen's Digest, p. 1532, No. 3, and authorities cited.

3.  The *voluntary abandonment* of a suit or of a demand contained in an *answer* or *opposition* does not interrupt prescription. R. C. C. 3519 ; Norwood vs. Devall, 7 A. 524 ; Denistown vs. Rist, 9 A. 464 ; Elliott vs. Brown, 13 A. 576.

4.  The action of a minor against his tutor respecting the acts of the tutorship is prescribed by four years, to begin from the day of his majority. R. C. C. 362.

5.  A suit on a demand, which has been *adjudged* to have *no legal existence*, does not interrupt prescription on other claims or demands of the plaintiffs.  Pickett vs. Gilmer, 32 A. 991.

6.  The administrator of a succession cannot *sue himself;* he cannot be *both plaintiff* and *defendant* in the *same suit.*  See all the provisions in the Code of Practice on the subject of civil suits and actions.

7.  The surety on an administrator's bond cannot be sued *before* obtaining a judgment against the administrator.  Gilmer vs. Pickett, 32 A. 991.

8.  An *action* or *new suit* is not the *mode* provided by law for the *revival* of suits.  Suits are revived by *motion, notice* or *citation.*  Bailey vs. Smith, 12 L. 506 ; C. P. Art. 120.

9.  Any judgment obtained by an administrator against the succession which he represents, in a suit in which he is *both plaintiff* and *defendant*, is an *absolute nullity*, which requires no action to set it aside.  In such a case there is *no suit; no citation;* no *appearance; no joinder of issue;* no *trial*, and no *judgment recognized by law.*  C. P. Articles on Suits and Actions.

   *J. D. Watkins* for Defendants and Appellants :

A judgment without reasons is void.  The mode of attack on appeal is by assignment of errors.  Constitution, art. 87 ; Louque 336, 4 M. 463 ; 587, 5 M. 202 ; 2 N. S. 540 ; 12 L. 143 ; Constitution of 1852, art. 72 ; 11 Ann. 94 ; Constitution of 1874, art. 76 ; 20 Ann. 27 ; 19 Ann. 525.

After issue joined by answer, the death of one litigant requires nothing but notice either by citation or any kind of notice or appearance by the heirs or legal representatives to make parties for a legal trial of the cause.  10 Ann. 505 ; 6 Ann. 705 ; 18 Ann. 40 ; 16 L. 162 ; 13 Ann. 308 ; 8 Ann. 54 ; C. P. 21–120–361.  All dilatory exceptions are too late after the answer filed in 1868.  11 Ann. 195 ; 13 Ann. 409 ; 5 L. 258, 10 R. 139 ; 1 Ann. 323.

The opposition to an administrator's account is an answer.  No replication to such opposition is permitted.  Whatever allegations the defendant and opponent may make the

Harris vs. Pickett et al.

'plaintiff may object to evidence under it, instead of excepting or filing a motion to strike out. 11 Ann. 386, 671; 28 Ann. 820, 607; 29 Ann. 521; 30 Ann. 270; 13 Ann. 308.

An administrator can stand in judgment where he is a creditor and his claim is on the tableaux. 15 Ann. 598; 16 Ann. 162; 32 Ann. 890; 24 Ann. 385; 12 Ann. 774; 11 Ann. 177.

Prescription was suspended during the whole time the suit was pending from the filing of the administrator's and tutors's accounts. 9th July, 1866, to the end of that litigation which is not yet closed.

Acceptance by the administrator suspends prescription. 30 Ann. 853–1071.

When same person is administrator and tutor his possession as administrator continues till he finally accounts as administrator. 30 Ann. 472; 33 Ann. 594; 34 Ann. 400. Any judicial demand in the answer or in wrong jurisdiction, interrupts prescription as long as the demand is pending. Louque 574; 4 Ann. 467; 13 Ann. 57; 13 Ann. 307.

A partition is not final and definitive where two only of seven heirs file a petition—and judgment in chambers by the clerk without citation or notice or appearance of five heirs decreeing a partition, is a nullity.

Where there were seven heirs, and a part of the property divided into seven lots, two only of which were drawn. and the five remained in common, there being four minor heirs, is no partition.

An act which declares the administrator declares he will in future 'account for large amounts, so that it is omitted, is not a final partition. Slaves divided in kind, land and movables sold, but price not divided, is not a final partition.

An act passed in 1858 could not be made to include funds received by administrator in 1860 and 1866. Such faint and inchoate proceedings as these could not so change the liability of the administrator and security as to release him on his bond. 3 R. 313; R. C. C; 1329; 4 Ann. 56–260; 14 Ann. 179; 15 Ann. 260; 18 Ann. 596; R. C. C. 1378; C. P. 1024. 10 Ann. 236; 30 Ann. 177; 31 Ann 572; 5 Ann. 208; 25 Ann. 215; 18 Ann. 579; 25 Ann. 532; Old C C. 1302; 14 Ann. 740; R. C. C. 1349 (1271) 1354 (1276).

All the heirs of a deceased debtor or creditor, plaintiff or defendant are not necessary parties in reviving a suit where a litigant has died. Each heir is a creditor or debtor for his virile share only, and may sue or be sued for that share alone. They are not joint debtors or creditors.

Heirs are not bound jointly. Each heir may sue or be sued for his virile share, and stand in judgment alone where the others may be dead or not made parties. 5 R. 224; R. C. C. 2111 (2107); 12 Ann. 558; 6 L. 18.

Joint obligees and joint obligors may sue and be sued separately. 30 Ann. 397; 28 Ann. 403; Acts 1874, p. 19.

The surety on the bond was Robert Johnson. Robert Johnson died, leaving a widow in community and several children (defendint's heirs), who were put in possession of his estate. The widow and children were sued. Pending the suit the widow died, and the proceedings were carried on and completed against the children; the succession of the mother apparently not having been opened. Henry & Joint, obligory and obligers, 28 Ann. 411, Francis vs. Martin, L. Ke. 490, No. 18.

These children, the present appellants, now say that the judgment against them being in solido is erroneous; that under no circumstances are they more than jointly bound as heirs of their father, each for his virile share in said half.

If the question was between the original parties to the bond, princip 1 and security, there could be but one answer to it. They were both bound in solido; as to them the obligation is joint. They inherit the rights, credits and obligations of their ancestors, but as the rights and credits of their ancestors are distributed among them, each according to his

share; so are the obligations, each being bound for his proportion as heirs of their father; they are responsible for his obligations, they having been put in possession of their share of his estate. There was judgment against these *heirs* appellants for the sum of one thousand dollars each for his virile share, with interest. 28 Ann. 412.

Their mother, who had accepted the community and was liable for one-half of the community debt, was sued with these heirs, she died pending the suit: neither she nor her succession were made parties to the appeal. The supreme court tried the case without her, and gave judgment against each heir of the dead security on the bond for his virile share.

If the attorney, being ignorant of the death of his principal, should continue under his power of attorney, the transactions done by him during this state of ignorance are considered as valid. R. C. C. 3032 (3001).

In such cases the engagements of the agent as to third persons in good faith are carried into effect. R. C. C. 3033 (3002).

The attorney is bound to complete a thing which had been commenced at the time of the principal's death if any danger result from delay. R. C. C. 3002 (2971).

A party will not be allowed to delay a trial upon the merits of a cause by pending singly a variety of technical objections tending to retard his adversary's action. Mealpine vs. Jones, 13 Ann. 409.

---

The opinion of the Court was delivered by

POCHÉ, J.   This very complicated litigation grows out of the following facts, pleadings and incidents :

On the death of Nathan Pickett, his son, William M. Pickett, was appointed administrator of his succession, with J. B. Gilmer as surety on his bond.   After filing two provisional accounts of administration, which were duly and respectively homologated, he presented his third and final account in the year 1866, and he died before any action was had on his said account.

J. P. Harris, who was appointed as administrator of his succession in 1867, proceeded by rule against the heirs of Nathan Pickett for the homologation of the account presented by W. M. Pickett before his death.

That proceeding, which is designated under the title hereinabove first mentioned, was met by an opposition from the heirs of Nathan Pickett, asking for judgment against the succession of the deceased administrator in a very large amount.   That opposition was filed in March, 1868.   Some time before that, the heirs of J. B. Gilmer, who had died in the meantime, brought an action against the heirs of Nathan Pickett looking to the homologation of the final account of administration of W. M. Pickett, and to the cancellation of the latter's bond, which had been signed by their ancestor, J. B. Gilmer.

This suit was not brought to issue before the month of November, 1882, when the heirs of Nathan Pickett filed an answer, in which they

adopted the averments contained in their opposition to the final account of administration of W. M. Pickett.

These two contestations being yet undecided in 1879, the Pickett heirs brought suit against the Gilmer heirs, on the administrator's bond signed by Gilmer, for $140,022 80-100. This is the suit which is reported in 32 Ann. p. 991, under the title of Thomas S. Pickett et al. vs. Mattie G. Gilmer et al., and which was dismissed on the double plea of prematurity of action and of *lis pendens*.

In the meantime, J. P. Harris having died, Thomas G. Pickett, one of the heirs of Nathan Pickett, was appointed administrator of the succession of W. M. Pickett.

Some time after the decision in the 32d Annual, in January, 1881, the heirs of Nathan Pickett, including Thomas G. Pickett, filed a proceeding which they term a " motion of revival" in the suits which form the title of this decision, and moved for service on all the heirs of J. B. Gilmer and on the administrator of the succession of W. M. Pickett. Their real object was to bring to trial the two suits above referred to, and to bring into court the representatives of such of the original parties, on both sides, as had died since the institution of the two suits.

Their proceeding was met by numerous exceptions on the part of the Gilmer heirs.

The district judge maintained two of those exceptions, and the present appeal is taken by the Pickett heirs from his judgment thereon. Through an assignment of errors, appellants' counsel first attacks the nullity of the judgment on the ground that the judge has failed to give reasons therefor.

In his judgment the judge says : " On considering said exceptions and the argument of counsel thereon, it is by reason of the law ordered," etc.

On inspection of the two exceptions, which will be hereinafter stated, it appears that both presented bare questions of law patent on the face of the record, and hence a reference to the law, under those circumstances, can be held sufficient. Hemken vs. Farmer, 3 Rob. 155 ; Powell vs. O'Neall, 24 Ann. 523.

We do not wish to be understood as sanctioning the form of this judgment even on a simple question of law, but the ends of justice, in the interests of appellants themselves, require that we should examine the judgment on its merits; and hence we feel authorized to give a liberal construction to the point at issue. It has been held that an

informally drawn judgment could be considered by the Supreme Court. Dorr vs. Jouet, 20 Ann. 27.

The exceptions maintained by the lower court were as follows:

1st. That Thomas G. Pickett, as an heir of Nathan Pickett, could not sue himself as administrator of the succession of his deceased brother.

2d. That the demand was premature as against the heirs of J. B. Gilmer.

Appellants' counsel charges error in the judgment on the ground that by subsequent pleadings, between the filing of the exceptions and the trial of the same, he had stricken out those portions of his prayer which called for service on the administrator of W. M. Pickett's succession and against the heirs of Gilmer, and hence he argues that these two exceptions were no longer before the court.

He may be correct in that contention, but we find no necessity for its discussion in order to reach a just conclusion in the premises.

For the sake of argument we accept his theory, and we concede that on trial of the exceptions there was no prayer to bring either the administrator of the W. M. Pickett succession or the heirs of Gilmer into court. But counsel forgets that those parties are the only plaintiffs in the two suits which he was seeking to "revive," and his amendment therefore stripped his motion of all demand for relief as regards the making of necessary parties. After his amendment of non-suit, as he terms it, his prayer was therefore to "revive" a suit without plaintiffs; for his clients, as he contends correctly, were defendants in both suits. This would be a fair illustration of the play of "Hamlet, with Hamlet left out."

But he argues that, by voluntarily accepting service of the petition of "revival," Thomas G. Pickett, administrator of the succession of W. M. Pickett, legally became the plaintiff in the suit filed by his predecessor, Harris. Granted; but he is a defendant and an opponent in that very suit, and thus he seeks to perform the feat of being plaintiff and defendant in the same suit. And right there our jurisrpudence interposes an insurmountable obstacle in his way, and he falls under the effect of the first of the two exceptions which we now have under consideration. It is now well settled in law, as it stands to reason, that an administrator cannot sue himself, and "*vice versa*." Succession of Farmer, 32 Ann. 1037; McKnight, Administrator, vs. Calhoun & Lane, 36 Ann. 408. Appellants are therefore impaled on either horn of this dilemma: Their proceedings have either made Thomas G.

Pickett, as administrator, a party to the suit which they are seeking to "*revive*," or they have not. If he has been made a party, the law forbids him from occupying that dual position, and there is no plaintiff in the suit; and if the amendment excludes him in his official capacity from the operation of the motion, then in that case there is no prayer for making parties, and the court could make none.

On the second exception, the amended pleadings specially exclude any demand as to the Gilmer heirs; hence that suit stands without all the necessary parties, and it certainly cannot proceed in its present attitude.

As the other exceptions interposed by the Gilmer heirs have not been passed upon by the court *a qua*, they are not before us for review on the present appeal, and hence they remain undisposed of.

Under our understanding of the judgment of the lower court, these may not be the reasons which actuated the judge in his decree; but the judgment of dismissal of the motion, with the reservation of appellants' rights to institute proper proceedings, has done full justice to all parties and meets with our approval.

Our rules of practice point out several modes by which these appellants can reach the issue which they are seeking to test, but it is not our province to indicate them.

Judgment affirmed.