MORRELL BAKER and WIFE, and others, plaintiffs in error, vs. DAVID B. BUSH adm'r. of SUSANNAH ALEXANDER, defendant in error.

An administrator may retain a debt due to himself from his intestate, though the debt was barred by the statute of limitations, at the death of the intestate.

Equity from Talbot—bill for account. Decision by Judge LAMAR, March Term, 1858.

The complainants, plaintiffs in error filed their bill against the defendant to compel him to account to them as the distributees of his intestate, for their distributive shares of the estate in his hands. After argument had, the Court charged the jury: " that the administrator had a right to retain, for a debt due to himself, though barred at the time of the death of the intestate by the statute of limitations." Whereupon counsel for complainants excepted to said charge and assign the same as error.

SMITH; and INGRAM & RUSSELL, for plaintiffs in error.

JOHNSON; and BETHUNE, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Is an executor or administrator bound to plead the statute of limitations to a suit against him, on a cause of action

barred by the statute, at the death of the testator or intestate ?

It is certain that he is not, if the *letter* of the statute is to govern.

And it seems certain, that he is not, if decided cases are to govern. *Norton vs Fluker*, 1 *Atkyns* 526. *Castleton vs. Fanshaw Prec. Ch. Ex-parte Dewdney* 15, *Ves.* 498. *Wms. Ex'ors* 1283. *(1535.)*

*Shewen vs. Vanderhorst (*1 *R. & M.* 347,*)* is hardly to the contrary. In that case "the Lord Chancellor, (Lord Brougham,) held that after a decree for an account of debts, &c., had been pronounced, and the Court by that means had taken possession of the estate, the statute of limitations might be set up in the Master's office, as well by a creditor or legatee as by a personal representative." 2 *Dan. Ch. Pr.* 157. When the *Court* has acquired possession of the estate the case becomes altered. The Court then by the Master becomes itself the representative of the estate, and the question whether the statute shall or shall not be pleaded, becomes one for him, and ceases to be one for the executor, (or administrator.)

" Whether the Master himself is bound to take the objection, is a question which was discussed in the above case, but his Lordship declined giving any opinion upon it." *Id. Ibid.*

If principle be made the test, it would seem, that the executor or administrator is not bound to plead the statute. The testator or or intestate is not bound to plead it; and the executor or administrator stands in his place.

We think, then, that an executor or administrator is *not* bound to plead the statute.

Of course if he is not bound to set up the statute against a debt due from him to a third person, he is not bound to set it up, against a debt due from him to himself in his individual character, but is at liberty to *retain* the amount of that debt.

Judgment affirmed.