## WILLIAMS v. WHEATON.

The plaintiff being administrator of his wife and co-heir with her son, and claiming independently of these relations a superior equity in the land to which one of the defendants holds absolute title as security for an advance made at the wife's instance in payment of the purchase money, the other defendant being the plaintiff's co-heir, the action is not multifarious because the plaintiff seeks not only to redeem the land and divest the wife's creditor of title, but at the same time to conclude his co-heir by having his own indi-vidual claim as the real owner recognized and adjudicated and a conveyance decreed directly to him from the wife's creditor in-stead of to the wife's administrator or heirs.

November 26, 1890.

Equity. Administrators. Debtor and creditor. Before Judge FALLIGANT. Chatham superior court. December term, 1889.

Reported in the decision.

T. S. MORGAN, Jr., for plaintiff.

J. R. SAUSSY, for defendant.

BLECKLEY, Chief Justice.

Wheaton demurred on the ground that the petition

is multifarious.  The trial court sustained the demurrer. The action was brought against Wheaton and Fields y Williams, Williams suing in three capacities, to wit, in his own right, as heir at law of his wife, and as her administrator.  Fields is the co-heir of Williams, being the son of Mrs. Williams by a former husband.  The theory of the petition is that, as between Mrs. Williams and Wheaton, the estate of Mrs. Williams is entitled to a conveyance of a certain city lot which Wheaton holds as security for an advance made by him in payment of a part of the purchase money, this advance having been made at the instance of Mrs. Williams in her lifetime, and she having caused title to be conveyed to Wheaton as security for the same, though the deed is absolute upon its face.  The plaintiff now proposes to satisfy Wheaton by reimbursing him for this advance. But this theory is qualified by another which affects the plaintiff as an individual, on the one part, and both defendants on the other, this being that Wheaton holds the title in equity and justice, not for the estate of Mrs. Williams, but for Williams himself, and consequently that a conveyance by Wheaton to the estate or the heirs of Mrs. Williams would not accomplish the result which all the equities involved in the matter require.  The plaintiff sets up that he himself was the original purchaser of the land; that he took possession, made improvements and paid part of the purchase money; that he supplied his wife with money to pay for it, and she failed to apply the money but made a contract with his vendor in her own name and by the use of that contract procured Wheaton to advance money and take title from the plaintiff's vendor as security.  Notice to Wheaton of the plaintiff's equity in the land is not charged, but this would seem to make no difference, for if Mrs. Williams, while acting as the agent of her husband, abused her agency by causing title to be conveyed

to Wheaton, Wheaton holds in trust for the husband and not for the wife, whether he was aware of the husband's equity or not. And it makes no difference to him that his true trust relation comes to light after the death of Mrs. Williams, provided he is not injured thereby. Williams, the plaintiff, offers to pay him in full and thus protect him against any and all injury. It can make no difference to him whether he executes the conveyance to Williams individually or to Williams and Fields jointly as the heirs at law of Mrs. Williams. He may safely do this upon a decree in the present action, for Fields will be bound by the decree, as will also the creditors of Mrs. Williams, if she has any, inasmuch as her administrator (Williams) is before the court. And it makes no difference whether he is there as plaintiff or defendant, or whether at his own suit or at the suit of another; he is competent to represent creditors both in gaining and losing assets by litigation with third persons, unless he commits some fraud in which those who litigate with him participate. Assuming this to be an honest action and Williams to have the rights in the land which he alleges (and this must be established by proof), there will be no danger to Wheaton in complying with such decree as may be rendered.

It is manifest that under the state of facts which the plaintiff alleges, it would be unsafe for him to appear merely as the administrator of his deceased wife in a suit to compel Wheaton to convey, because that would commit him to a false theory of his case. Were he to allege such facts only as appertain to the relation between Wheaton and Mrs. Williams, not disclosing those which affect the relation of himself and Mrs. Williams respecting this property, he would probably be estopped hereafter from asserting his individual claim in a contest with his co-heir. Certainly it would involve two suits instead of one to bring the title, which is now in

Wheaton, to its ultimate resting place in the plaintiff as an individual. The whole matter can be accomplished by one suit; and as the costs will be discretionary with the court, the expense, if any, will be as light to Wheaton as it would be if there was no controversy or ground for controversy between Williams and Fields. In fact, upon the allegations in the petition (and they are admitted by the demurrer), Wheaton is in the position of a mere stake-holder and might call upon Williams and Fields to interplead, were he disposed to do so. Perhaps it would be more accurate to say that this would be his position after accepting the money tendered him and before making a conveyance or being decreed to make it. We think the court erred in sustaining the demurrer.                    *Judgment reversed.*