GENTLE *v.* ATLAS SAVINGS & LOAN ASSOCIATION.

While a city court has not the jurisdiction to reform written instruments or grant affirmative equitable relief, a party sued in that court may set up equitable defenses which, if proved, will prevent a recovery by the plaintiff, or reduce the amount of his verdict. Where, however, a defendant has been sued in a city court and a judgment has been rendered against him by default, he can not by an equitable petition go behind this judgment on the ground that, as his defense to the action at law was wholly or partially of an equitable nature, he was not bound to appear and plead at all. On the contrary, he is in such a case concluded by the judgment as rendered.

Argued June 24,—Decided July 21, 1898.

Equitable petition. Before Judge Lumpkin. Fulton superior court. September term, 1897.

This petition, filed July 14, 1897, alleged that on March 16, 1894, petitioner Gentle purchased from Irwin Thompson and defendant certain described realty which Thompson had conveyed to the defendant as security for a loan, Thompson having a contract with the defendant whereby the loan was to be repaid in monthly instalments; and in connection with the purchase and as a part of it petitioner paid defendant $317.62, and defendant by its agent Woodward made a contract with petitioner that the balance due defendant from petitioner by reason of the purchase was $937.38, which petitioner was to have the privilege of paying in monthly instalments as Thompson had been doing. A copy of this contract is attached as exhibit A. About the same time petitioner was fraudulently induced by defendant to sign a paper (a copy of which is attached as exhibit B), by making to petitioner the false statement, intentionally and fraudulently, that it was a mere formality of the company and did not change or affect the real agreement which was expressed by exhibit A. Petitioner has paid de-

fendant, in addition to the sum of $317.62, the further sum of $447.48, leaving a balance due of $489.90, which amount petitioner has tendered to defendant with the legal interest thereon, and the same has been refused; and petitioner now renews the tender and stands ready to pay the same. The loan deed executed by Thompson to defendant to secure the loan on said property is a cloud upon the title, and defendant refuses to deliver it up and cancel it. The defendant is a so-called building and loan association, whose plan of operation is complicated and difficult to be understood by the uninitiated; its system of dues, instalments, assessments, premiums, interest, fines, etc., is a scheme for the purpose of evading the usury laws, and the deed given by Thompson to defendant is void for usury, both as to Thompson and petitioner. Petitioner was entrapped into signing papers the purport of which was that he had joined the defendant association, when it was the understanding of petitioner and the positive agreement of defendant that the amount of indebtedness assumed by petitioner was fixed and definite, as above stated. Defendant brought suit against petitioner in the city court of Atlanta, claiming the balance due on said contract to be $924.14, the excess over $489.90, to wit $434.24, being usurious and unjust, and on July 6, 1897, took a verdict against petitioner for this sum and interest. It appears by the deed attached to that suit that of the three payments mentioned in the paper marked exhibit B, only one is to go as a credit on the loan; but according to the understanding of petitioner and the agreement of defendant, all three payments were to be credited upon the loan. Said deed had never been seen by petitioner. Petitioner prays that defendant be required to accept said sum of $489.90 with lawful interest from March 30, 1896, and to deliver up and cancel the loan deed from Thompson to defendant; that the contract between petitioner and defendant be reformed so as to speak the truth of the agreement; that defendant be enjoined from further proceeding with said suit in the city court, or undertaking to enforce the same, and from having execution issued therein; and that he have judgment against defendant, etc.

Exhibit A was a paper dated March 16, 1894, and signed

by Woodward, acknowledging the receipt from Gentle of five dollars " in part payment for Irwin Thompson place [described], price $1,255, $317.62 cash, $937.38 in payments by the month as per Thompson's contract with Atlas L. & S. Association.    Title guaranteed or money refunded, to be closed Monday morning."    Exhibit B, dated March 10, 1894, and signed by Gentle, was as follows:    " Whereas Irwin Thompson is a member of the Atlas Savings & Loan Association, and has subscribed for five shares of the capital stock thereof of the value of $1,000, and whereas on the 10th day of March, 1893, said association advanced to said Irwin Thompson the sum of $1,000 upon said five shares of said stock, and took a deed upon the following described property, . . to secure the payment of said sum thus advanced, which said sum the said Irwin Thompson agreed to pay [specified sums as weekly instalments of dues, interest, and premiums], as shown by said deed, which is registered in book O4, page 449 of the clerk's office of the superior court, Fulton county, Georgia; and whereas said Irwin Thompson has transferred said five shares of said stock of said association to L. C. Gentle, and notified its secretary thereof, who has entered said assignment on the books of said association, therefore I obligate to said Atlas Savings & Loan Association to pay said sums hereinbefore mentioned in accordance with its constitution and by-laws until the aforesaid indebtedness is paid and satisfied; but nothing in this instrument shall be construed as a waiver by said association of the lien or rights secured under and by said deed hereinbefore referred."

The petition was dismissed on demurrer, the material grounds of which are apparent from the opinion.

*Burton Smith* and *C. B. Reynolds,* for plaintiff.
*Reed & Hartsfield,* for defendant.

LITTLE, J.    An analysis of the petition filed in this case will show that the real cause for which the petitioner seeks to enjoin the execution, which was issued on the judgment rendered in the city court, is, that the contract on which it was founded was usurious, and that the debt which the petitioner owed to the defendant in error had not been properly credited

with certain payments which it was claimed had been made. It is true that the petitioner sets out the fact that he was fraudulently induced by the defendant to sign a paper by which, having assumed the debt of Thompson, he undertook to make payments on said debt as Thompson had obligated himself to do. The fraudulent inducements set out were, that the defendant falsely, fraudulently, and intentionally stated that the obligation was a mere formality and did not change or affect the real agreement executed on the 16th of March, 1894, which acknowledged the receipt of five dollars on the part of the association as part payment for the Thompson place on Mitchell street in the city of Atlanta. No other reason is given why these defenses were not set up in the city court of Atlanta when the suit was pending against the petitioner, than that the defenses which he had to that action were equitable. The petitioner prays that the defendant be decreed to accept the sum which he tenders, and cancel the deed, which he alleges to be a cloud on his title, and that the contract made between the parties be reformed. He also prays that the defendant be enjoined from further proceeding with the suit in the city court or undertaking to enforce the same. As will be seen, the defendant obtained a judgment in the city court of Atlanta against the plaintiff for the amount of a debt claimed to be due. So far as the record shows, the plaintiff in error was duly served, and had his day in court. He filed no answer and interposed no plea to the defendant's demand; but after the rendition of the judgment in the city court, he seeks by this petition to enjoin the execution, issued on the judgment rendered, from proceeding against the property the title to which was in the defendant in error to secure the payment of the indebtedness. We know of no reason why the plaintiff could not have appeared in the city court and substantially made the defenses to the action which he now sets up as causes why the judgment should not have been rendered against him. A party sued in such a court can avail himself of a defense which would defeat recovery. *National Bank* v. *Carlton,* 96 *Ga.* 469. Certainly that court has jurisdiction to determine whether the contract was or was not usurious, and it certainly had jurisdiction to as-

certain by the aid of a jury what was the true amount of the indebtedness.   For some reason satisfactory to himself, the plaintiff failed to make any of these defenses which now constitute the cause of his complaint.

It is a well-settled rule, that "Equity will interfere to set aside a judgment of a court having jurisdiction, only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part."   Civil Code, § 3988.   But "Equity will not enjoin the proceedings and processes of a court of law, unless there is some intervening equity, or other proper defense, of which the party, without fault on his part, can not avail himself at law."   Civil Code, § 4915.   It is not intimated in the present proceeding that the petitioner was prevented from making his defense by fraud or accident, and it must be taken that his failure to file any defense was the result of his own negligence.   If it was essential to the proper defense of the defendant, in the suit at law, to invoke the powers of a court exercising full equitable jurisdiction which could alone constitutionally grant relief, it was entirely within his power to exhibit his petition in the superior court, and have the proceeding at law enjoined, and the entire controversy adjusted under the merits of his plea in a court having full jurisdiction.   *National Bank of Athens* v. *Carlton,* 96 *Ga.* 469.   Proceedings of this character are not at all infrequent, and it is a proper mode of procedure where the defenses to the suit at law are purely equitable.   See the case of *English & Co.* v. *Thorn,* 96 *Ga.* 557.   But it was the duty of petitioner to institute this proceeding pending the suit in the city court and before judgment had been rendered against him in that court, or, failing, to show some legal excuse therefor.   *Waters* v. *Perkins,* 65 *Ga.* 32; see also 52 *Ga.* 469, and 55 *Ga.* 630.   Having permitted the judgment to be rendered against him without interposing any defense, it is conclusive as to the facts which it decides, and will not be set aside except, as before said, for fraud, accident, or mistake, or the act of the adverse party, unmixed with negligence or fault of the petitioner.   Civil Code, § 3987.   In the

present case the plaintiff does not bring himself within any of these grounds of equitable jurisdiction. If it be conceded that he had a good defense which was only cognizable by a court of equity, he shows no reason why the judgment of the city court should now be set aside. It was his duty to appear and plead in that court, or make known his defenses to a court of equity. That he did not do so will be attributed to his own negligence, and equity will not relieve against a judgment that could have been prevented but for negligence. *Rogers* v. *Kingsbury,* 22 *Ga.* 60; *Vaughn* v. *Fuller,* 23 *Ga.* 366; *Simmons* v. *Martin,* 53 *Ga.* 620; *York* v. *Clopton,* 32. *Ga.* 362; *Hill* v. *Harris,* 42 *Ga.* 412; *Taylor* v. *Sutton,* 15 *Ga.* 103; *Smith* v. *Hornsby,* 70 *Ga.* 552.

The law applicable to the facts in this case can not be held to be the same as that which applies in a case where new parties are necessary to a full adjudication of a defendant's rights, as was ruled by this court in the case of *Radcliffe* v. *Ellington,* 56 *Ga.* 222. The ruling in that case is clearly distinguishable from that applicable to the facts of this. There the court ruled that the defendants could not set up their equitable defense at law, because of the want of proper parties which could not at that time be made in a court of law; but held that in a case where the equitable defenses could be set up, the defendant would be concluded unless he did so. As a matter of law, the city court had jurisdiction to hear and determine the main facts which constituted the defense of the petitioner, according to the allegations in his bill, and he can not, after submitting to a judgment which determines the amount of his indebtedness, come into a court of equity and have that judgment set aside, unless he shows that it was the result of fraud, accident, or mistake, or due to the acts of the adverse party, unmixed with negligence or fault on his part.

*Judgment affirmed.    All the Justices concurring.*