## 105.  FAVORS *v.* HATHCOCK.

The discretion of the justice of the peace in refusing to grant a continuance of a case, on the written agreement of the attorneys for both parties that the case should be continued, will not be interfered with by this court, especially when the exercise of such discretion by the justice of the peace has, on certiorari, been approved by the judge of the superior court.

Certiorari. from Douglas superior court—Judge Bartlett. April 16, 1906.

Argued February 11,—Decided February 14, 1907.

*W. A. James,* for plaintiff in error.

HILL, C. J.  A distress warrant and counter-affidavit were pending in the justice's court, with M. L. Hathcock as plaintiff, and Lot Favors as defendant. Two days before the regular term of the justice's court, at which the case was to be tried, the justice received from the attorneys of both plaintiff and defendant the following written agreement:

"Douglasville, Ga., Nov. 12th, 1903.

"Mr. F. M. Yancey, Jr., Chapel Hill, Ga.,

Dear Sir,—On account of the near approach of our superior court, and the probabilities of the trial of the cases between Lot

and Hester Favors against M. L. Hathcock, now pending and set for trial in that court, we have agreed to continue all the cases between said parties in your court from next Saturday until the regular term of December next.          Very truly yours,

W. A. James, Atty. for Lot Favors.

J. S. James, Atty. for Hathcock."

Notwithstanding the agreement, the justice, on the call of the case, dismissed the counter-affidavit and entered up judgment against the defendant. The petition for certiorari assigned this action of the justice as error. On hearing the certiorari, the superior court overruled the same, and this judgment is brought here for review.

In answer to the writ of certiorari, the justice stated, that he had received the said written agreement of counsel, but that on the day when the case was to be tried, and had been reached in its order, the plaintiff was in attendance on the court with his attorney, B. G. Griggs, and objected to the continuance of the case; that plaintiff swore he knew nothing of the agreement made by his former attorney, and that, as a matter of fact, he had settled with his said attorney, and had employed Mr. Griggs to represent him in said case, and that the case had been continued for several terms at the instance of the defendant, with great inconvenience to the plaintiff and his witnesses. For these reasons the said agreement was disregarded; and when the case was called and the plaintiff, by his attorney, B. G. Griggs, made a motion to dismiss the illegality, the motion was sustained, and judgment entered against the defendant. In view of these facts, we are not prepared to hold that the justice abused his discretion in refusing to continue the case. Continuances are always addressed to the sound discretion of the court. The agreement of the attorneys for the parties, to continue a case, is not binding upon the court. Of course, such agreement should be given due consideration by the judge, in the exercise of his discretion. It should not be arbitrarily disregarded. But when, as in this case, the plaintiff appears in court and insists upon the trial of the case, notwithstanding the agreement of his attorney, he is entitled to have it, when he states on oath that the attorney who made the agreement to continue his case did not then represent him, and that the case had been continued several times at the instance of

the defendant. The exercise of his discretion by the justice having been reviewed on certiorari and approved by the judge of the superior court, we will not say that the justice abused his discretion in the matter, and that the judge of the superior court erred in dismissing the certiorari. *Judgment affirmed.*