BUTLER, receiver, *v.* HOLMES *et al.*

The city court of Macon, being a court of common-law jurisdiction, can not entertain jurisdiction of matters involving equitable rights between the parties, except purely by way of defense, to defeat the establishment of some legal right.

(*a*) Where a suit is filed in a court without jurisdiction to grant affirmative equitable relief, a court of equity will entertain an application by the defendant to enjoin the proceeding, where it is made to appear that he has such rights in the subject-matter of the litigation as require the application of equitable remedies for the grant of full relief.

(*b*) The record in this case shows the necessity for equitable remedies for the enforcement of such rights to the excess between the two demands as may exist in favor of the defendant; and a court of equity will, upon application by the defendant, enjoin the further prosecution of the suit in the common-law court and cause the parties to litigate in the court of equity, where full relief can be granted.

Argued March 14,—Decided May 16, 1907.

Injunction. Before Judge Felton. Bibb superior court. April 24, 1906.

The plaintiff in error excepts to the granting of an interlocutory injunction against the prosecution of a suit in the city court of Macon. It appears that Mrs. Holmes executed a promissory note payable to her own order and indorsed by her in blank, to which she attached as collateral security a certificate of deposit issued to her by Robert H. Plant, doing business as "I. C. Plant's Son, Banker." There was no indorsement or other written transfer on the certificate of deposit. The papers, in this condition, were surrendered by Mrs. Holmes to Plant, and he caused them to be

delivered to the First National Bank of Macon, Georgia, without any further indorsement or written transfer. The bank, while holding them, being insolvent, was placed in the hands of a receiver, who brought suit on the note, in the city court of Macon. Plant died, his estate was adjudged bankrupt, and in the court of bankruptcy the receiver of the First National Bank of Macon made proof of the certificate of deposit, as a claim against the estate in bankruptcy. Afterwards Mrs. Holmes filed a petition to the superior court of Bibb county against the receiver, reciting the pendency of the above-mentioned suit in the city court, and alleging that she had certain defenses to the note and certain interests in the certificate of deposit and the proceeds to be derived therefrom out of the estate in bankruptcy, which entitled her to such equitable relief as the city court of Macon had not jurisdiction to afford. She alleged, that on July 15, 1903, she loaned Plant $2,500 in cash and received therefor the certificate of deposit before mentioned; that shortly thereafter, desiring to withdraw a portion of the sum represented by the certificate, she applied to Plant's cashier for an agreement to allow such withdrawal; that the cashier proposed that, instead of withdrawing the money represented by the certificate of deposit, she take a loan from the bank for the amount she desired, giving her note therefor, which loan should be repaid at the maturity of the certificate of deposit, by then deducting the amount due on the note from the amount due on the certificate of deposit, and that in the meantime, as collateral security for such payment, the certificate of deposit be attached to the note and surrendered to Plant; and that she assented to this proposition and executed the note, and attached and surrendered the certificate of deposit, in the manner described. It was further alleged, that at the time of the transaction, Plant was hopelessly insolvent, and that this fact was unknown to Mrs. Holmes; that the First National Bank of Macon was not a bona fide holder for value, and that the receiver held the note and certificate of deposit subject to the equities of Mrs. Holmes, and, therefore, that she was entitled to set off so much of the certificate of deposit as might be necessary to discharge the note sued upon. In addition to this it was alleged, that, after discharging the note, there would be a balance owing her on the certificate of deposit, and that with respect to this balance the receiver was bound to ac-

count to her; that the receiver was attempting to collect dividends in bankruptcy upon the whole of the certificate of deposit, whereas, if entitled to collect anything, he is entitled to collect dividends only on so much thereof as will equal the amount due on the note, and that as to the balance of the certificate she is entitled to dividends thereon for her own use; and therefore, if the receiver should collect the dividends on said balance, he would hold the dividends which would be payable upon such excess in trust for her and would be answerable to her. It was prayed that the receiver be enjoined from proceeding with the suit in the city court, and that the petitioner be allowed to set up her equitable defenses, etc. The receiver demurred and answered, and the court, after hearing evidence, granted an interlocutory injunction.

    *J. C. Morcock* and *Miller & Jones,* for plaintiff in error.

    *Hardeman & Jones, Erwin & Callaway, John I. Hall,* and *Olin J. Wimberly,* contra.

    ATKINSON, J. In his brief, counsel for the plaintiff in error rests his case entirely upon the question of whether or not the city court of Macon has jurisdiction to render Mrs. Holmes full and adequate relief for the wrongs of which she complains. It is conceded that the injunction was properly granted if the city court of Macon did not have jurisdiction. Consideration, therefore, will be restricted to the question as to whether that court had jurisdiction. By the act creating the city court of Macon (Acts 1884-5, p. 470) it is provided, that "said city court of Macon shall have jurisdiction to try and dispose of all civil cases of whatsoever nature, . . except in those cases over which exclusive jurisdiction is vested in the superior courts by the constitution and laws of the State of Georgia." There is no provision in the act which expressly creates jurisdiction in equity cases. If an equity case could be regarded as a civil case, that interpretation would not bring jurisdiction of equity cases within the contemplation of the act. This would be prevented by the exception which is expressed in the words: "except in those cases over which exclusive jurisdiction is vested in the superior courts by the constitution and laws of the State of Georgia." The constitution of the State (Civil Code, §5842) provides, among other things, that "the superior court shall have exclusive jurisdiction in . . equity cases." The general law of the State (Civil Code, §3921) is

that "All equity jurisdiction in this State is vested in the superior courts of the several counties." There is no pretense, therefore, that the city court of Macon is to be regarded as other than a court of common-law jurisdiction. While such courts may entertain matters of an equitable nature purely defensive, that is, such as go simply to defeat the cause of action set up against the party asserting the equitable right, their jurisdiction in such matters can not be extended beyond the entertainment of such defensive matter. *Athens National Bank* v. *Carlton,* 96 *Ga.* 469; *English* v. *Thorn,* 96 *Ga.* 557; *Moore* v. *Medlock,* 101 *Ga.* 94; *Gentle* v. *Atlas Savings Asso.,* 105 *Ga.* 406; *Hecht* v. *Snook & Austin Co.,* 114 *Ga.* 921; *House* v. *Oliver,* 123 *Ga.* 784; *Burnett* v. *Davis,* 124 *Ga.* 544. See, also, *Arnold* v. *Carter,* 125 *Ga.* 319. Such courts have not jurisdiction to grant affirmative equitable relief. See cases cited above, and *Butler* v. *Mutual Aid Co.,* 94 *Ga.* 562; *Fowler* v. *Preferred Accident Ins. Co.,* 100 *Ga.* 330; *Jesse French Co.* v. *Cardwell,* 114 *Ga.* 340; *Ragan* v. *Scale Co.,* 123 *Ga.* 14.

As the jurisdiction of the city court of Macon is the question to be considered, it is necessary to look to the contentions of Mrs. Holmes; because if she presents a case calling for affirmative equitable relief in her favor, it can not be denied that she is entitled to be heard upon those contentions by a court of competent jurisdiction to grant the relief which she seeks. It is contended, that the certificate of deposit, unindorsed, was surrendered by Mrs. Holmes to Plant for a specific purpose, to wit, as collateral security only for the payment of the note; that the First National Bank received it by mere delivery from Plant, and for no other purpose than as collateral security for the same note, and therefore with full notice; that the plaintiff in the city court is none other than the receiver of the First National Bank; that under these conditions, with respect to any interest which Mrs. Holmes has in the certificate of deposit, the plaintiff in the city court case is in no better position than the First National Bank (*State* v. *Brobston,* 94 *Ga.* 95; *Nix* v. *Ellis,* 118 *Ga.* 345), and that institution is in no better position than Plant. This, upon the principle that one who takes without giving value, or with notice of an equity, takes subject to the equity. We may, therefore, for the present, view the case as if the issues were directly between Plant and Mrs. Holmes.

Mrs. Holmes seeks to set off rights arising by contract against rights arising by contract. The demands are mutual, and as between Plant and Mrs. Holmes there would be no trouble about the application of the doctrine of set-off, under the provisions of the Civil Code, §§ 3746, 4944. It is insisted further by Mrs. Holmes, that in applying the doctrine of set-off to the particular counter-demands under consideration, in view of the facts in this case, one demand should discharge the other pro tanto until the lesser becomes satisfied, without making any allowance for the insolvency of the other; that under this rule, after satisfying the note which she delivered to Plant, there would be a balance due her on the certificate of deposit, to which Plant would not in any event be entitled; that the excess so shown would be her property, which she would be entitled to recover. If Plant were solvent and the party plaintiff and the issue were only between them, there would be no difficulty in the way of enforcing her right to such excess against Plant. But he is not a party, nor is he solvent. It is alleged that other complications have intervened to render it more difficult for Mrs. Holmes to assert her rights. We may therefore leave the view of the case as it would have appeared if Plant had been solvent and the issue had been only between Plant and Mrs. Holmes directly, and consider it as it is alleged actually to exist.

Bear in mind that the certificate of deposit was surrendered by Plant with the note to the First National Bank; that upon the failure of that institution both passed to the court's receiver appointed to administer its assets; that the receiver, as holder, sues on the note. Also bear in mind the fact that the estate of Plant had been adjudged bankrupt and is under process of administration in the court of bankruptcy; that the receiver of the bank, as holder of the certificate of deposit, is attempting through the court of bankruptcy to collect the whole of the certificate from the estate of Plant, not for the joint use of his trust and Mrs. Holmes but to her exclusion; all of which has been done, it is alleged, with full notice and under such circumstances as that the receiver's right is subject to the equities asserted by Mrs. Holmes. The fact that the receiver holds the certificate of deposit with notice of Mrs. Holmes' interest therein and subject to her set-off does not deprive him of all right thereto; for the reason that he would still have the right to so much thereof, as collateral security, as

22

would be equal to the amount owing upon the note. The receiver's interest, however, not including the whole, the mere holding of the certificate of deposit could not afford him the right to appropriate, without the consent of Mrs. Holmes, that part of the certificate of deposit representing the excess, or the difference between the two demands; because the excess belongs to her. The certificate, for obvious reasons, could not be divided in kind; and in view of the facts that Plant, who issued the certificate, is no longer in life, and his estate is in bankruptcy, there seems to be no way of separating the interest, except by collection and distribution of the proceeds.. There is no way to collect, except by pursuing the estate of Plant in the court of bankruptcy, a court separate and distinct from the city court of Macon. The receiver is in possession of the certificate and has instituted a proceeding before the court of bankruptcy for the purpose of collecting, not for the joint use, but to the exclusion of Mrs. Holmes. Mrs. Holmes can not take the matter of collection from the receiver, because of his interest therein; nor, after collection, should the receiver be allowed to appropriate the entire proceeds, because of her interest therein.

Unless the collection be pressed in the court of bankruptcy, there is danger of loss. If Mrs. Holmes' contentions be well founded, there is a joint interest in the certificate of deposit, a dispute over that interest, a necessity for a valid judgment of court declaring her right, to the end that she may recover from one not entitled thereto, an inability to divide the property in kind, and a necessity to collect the property for the purpose of preservation as well as distribution. She desires a judicial determination declaring her rights and affording her a remedy. If her contentions are well founded, she is entitled to the affirmative relief necessary to a recovery from the receiver of her interest in the certificate of deposit, to wit, the excess shown in her favor between the two demands. She could never reduce this interest to money, under the facts alleged, except by recourse to the remedies afforded by a court of equity. The facts, taken as a whole, bring the case within the principles announced in the first part of the opinion and show that the city court of Macon can not afford jurisdiction adequate for the complaints urged by Mrs. Holmes. The grant of

injunction, therefore, against the proceedings in the city court of Macon was not erroneous.

*Judgment affirmed. All the Justices concur.*