*Fondren Mitchell, R. C. Bell*, contra.

---

## 6126.  WILLIAMS *v.* McHUGH, executor.

1. Where a petition shows on its face that no legal judgment can be rendered thereon, a motion to dismiss it may be entertained at any time before the verdict.

2. One of two executors of an estate can not maintain suit in his individual capacity against the other as executor.

DECIDED SEPTEMBER 10, 1915.

Complaint; from city court of Madison—Judge Anderson. October 14, 1915.

*E. W. Butler*, for plaintiff.

*H. W. Baldwin, F. C. Foster*, for defendant.

WADE, J. Mrs. M. P. Williams brought suit on open account against herself, as executrix, and B. T. McHugh, as executor, of

Mrs. Elizabeth McHugh, deceased, alleging that she, the said plaintiff, was the duly nominated, qualified, and acting executrix, and the said B. T. McHugh the duly nominated, qualified, and acting executor of the said Mrs. Elizabeth McHugh, and that more than 12 months had elapsed since the qualification of the two executors, and making other necessary allegations. Mrs. M. P. Williams, as executrix of Mrs. Elizabeth McHugh, deceased, entered her acknowledgment of service and waiver of process, etc., in the suit instituted by Mrs. M. P. Williams individually, on the original petition; and a copy of the petition and process was duly served upon B. T. McHugh, her coexecutor. At the proper term B. T. McHugh alone entered his appearance as executor of Mrs. Elizabeth McHugh, and interposed his plea as such executor to the merits, but filed no demurrer or plea in abatement to the suit as brought by his coexecutor. At the trial the plaintiff amended her suit by striking her name from the petition as executrix, and praying that suit proceed against B. T. McHugh alone, as executor of Elizabeth McHugh. This amendment appears to have been first allowed, and thereafter, on motion of the defendant B. T. McHugh, as executor, etc., to have been stricken, on the admission of the plaintiff that she and the said McHugh were still the qualified and acting coexecutors of Mrs. Elizabeth McHugh, deceased; and the court then, on motion by the defendant B. T. McHugh as executor, dismissed the entire action, on the ground that the plaintiff could not maintain the action as an individual against herself and her coexecutor in their representative capacity, or against her coexecutor alone in his representative capacity—the plaintiff being still, according to her admission in open court, a qualified and acting executrix of the estate against which she was seeking judgment. To the dismissal of her petition she excepts, on the grounds: **(1)** that the objection urged against the petition as brought came too late, no special plea or demurrer having been interposed by the defendant B. T. McHugh, and the petition having been dismissed on an oral motion; (2) that after the striking of the plaintiff's name as executrix from the petition as one of the codefendants, she had the right to proceed against her coexecutor, notwithstanding her admission in open court that she still retained her representative connection with the estate against which she was individually seeking judgment.

1.  Section 5629 of the Civil Code provides that "all defects

which appear on the face of the pleadings may be taken advantage of by motion." "A motion to dismiss because the plaintiff, by his pleadings, showed no good cause of action, may be made at any time." *Maddox* v. *County of Randolph*, 65 *Ga.* 217. "Where there was no cause of action set out, the case might be dismissed on oral demurrer at the trial term." *Latham* v. *Kolb*, 76 *Ga.* 291. "If a declaration be fatally defective in that it wholly fails to allege a right of action in the plaintiff, or it alleges facts showing a want of jurisdiction in the court to grant to the plaintiff the relief sought, a motion to dismiss, made at the trial, should prevail as though in the first instance a general demurrer had been regularly filed." *Weathers* v. *McFarland*, 97 *Ga.* 266 (22 S. E. 988). "When a petition is so defective that there can be no lawful recovery thereon, an oral motion to dismiss the case, in the nature of a general demurrer, may be made at any time before verdict." *Kelly* v. *Strouse*, 116 *Ga.* 872 (43 S. E. 280). Under the view we take of this case, for the reasons more fully set out in the following division of this opinion, we think that the case as brought originally, or as the plaintiff sought to amend it, failed to allege a right of action in the plaintiff, and that the petition was so defective that there could be no lawful recovery thereon; and, since no cause of action was set out thereby, that the motion to dismiss was in time at any time before a verdict, and the court properly entertained the motion.

2. In the case as originally brought, Mrs. Williams occupied the dual position of both plaintiff and defendant, though she sued in her individual capacity to recover a judgment against herself and her coexecutor in their representative capacities. It is said in the Standard Encyclopædia of Procedure, vol. 8, p. 736: "An executor or administrator should not make himself both plaintiff and defendant in the same action even though he may assume to act in different capacities." This statement is supported by a number of cases there cited, from various jurisdictions in this country. As was said in one of those cases (Harris *v.* Pickett, 37 La. Ann. 741), "an administrator can not sue in his own right the succession which he represents, and vice versa, as administrator he can not sue himself." In 18 Cyc. 967, it is said: "The courts do not permit a party to be both plaintiff and defendant in the same action, and therefore it is not competent for a personal representative acting in his representative capacity to sue himself in his

individual capacity. The rule is not altered by the fact that his corepresentative is joined with him as coplaintiff. . . . A personal representative cannot maintain a suit in his individual capacity against himself in his representative capacity." "The same person can not be both a plaintiff and a defendant at the same time, in the same suit, either solely or with others. . . The rule applies even to cases where the party appears as plaintiff in one capacity and as a defendant in another capacity." 15 Ency. Pl. & Pr. 481-2. Where two executors confessed a judgment to a copartnership of which one of them was a member, it was held to be error in fact, and for it the judgment was reversed. Pearson *v.* Nesbit, 1 Dev. L. (N. C.) 315 (17 Am. D. 569). If, as stated in the quotation given above, "it is not competent for a personal representative acting in his representative capacity to sue himself in his individual capacity," and "the rule is not altered by the fact that his corepresentative is joined with him as coplaintiff," much less could the executor bring a suit in his individual capacity against himself in his representative capacity, even though his coexecutor was joined with him as a codefendant. If an executor may not bring suit in his representative capacity against himself in his individual capacity, where the results to flow therefrom would presumably be of advantage to the estate he represented, it is apparent that he can not in his individual capacity bring an action against himself in his representative capacity where his individual interest would be diametrically opposed to the interest of the estate he represented, and the results sought by him would be to the disadvantage of the estate; and the fact that he named his coexecutor as a codefendant with himself in the suit would not remove the objection.

The sole remaining question is whether the proffered amendment of the plaintiff, striking her name as executrix, as a party defendant in the case, would cure the defects therein. "By the common law all the personal estate of a decedent passes to his executor or administrator, who is the personal representative of the decedent, and who alone has the legal title to the goods, chattels, choses in action, and all other personal property of the decedent." 11 Am. & Eng. Enc. Law (2d ed.), 984. In our own code it is provided: "All property, both real and personal, in this State, being assets to pay debts, no devise or legacy passes

the title until the assent of the executor is given to such devise or legacy." § 3895. "Upon the death of the owner of any estate in realty, which estate survives him, the title vests immediately in his heirs at law. The title to all other property owned by him vests in the administrator of his estate for the benefit of the heirs and creditors." § 3929. Where there are several executors "they are all considered in law in the light of an individual person." 1 Williams on Executors (7th American ed., 1895), 285. "Coexecutors and administrators are, in the eye of the law, considered as but one person, for many purposes." *Cameron* v. *Justices,* etc., 1 *Ga.* 36 (44 Am. D. 636). It is said in 2 Williams on Executors, 150: "If there are several executors appointed by the will, they must all join in bringing action; even though some be infants. Where, however, one executor of several has alone proved the will, he may sue without making the other executors parties, although they have not renounced. If one of several executors who have all proved the will sue alone, the defendant may apply to the court for an order that the other executor or executors may be joined as coplaintiffs." And further in the same book (p. 151) it is said: "Generally speaking, it is clear that one executor can not sue or be sued by his coexecutors: neither, after the death of one of several executors, can his executor be sued by the surviving coexecutor for a debt due to their testator. Nevertheless, if a debtor makes his creditor and another his executors, and the creditor neither proves the will nor acts as executor, he may bring an action against the other executor: nor is it necessary, to enable him so to do, that he should renounce in the court of probate." It was held in Hill v. Smalley, 1 Dutch. (25 N. J. L.) 374, that in an action at law all coexecutors must join as plaintiffs. "At common law executors derived their authority to administer their testator's estate from the will exclusively, and since all persons named as executors derived a joint interest, all were required to join in the prosecution of actions in regard to the estate, even though some of the executors named in the will refused to prove the will or to administer the estate. Statutes now, in nearly all jurisdictions, require that executors named in the will shall qualify and obtain letters testamentary before entering upon the discharge of their duties and under such statutes only those who have properly qualified need be joined as parties plain-

tiff. When there are two or more administrators of the estate of an intestate, all should join in an action in behalf of the estate. The personal representative should not bring a suit in his individual right and also in his representative capacity." 8 Standard Encyc. Procedure, 733. As the title to the personal property belonging to an estate vests in the executors, it is usually necessary, unless some special reason exists why the contrary course should be pursued, that all executors who have qualified should be joined in any suit *against* the estate. "At common law, where there are two or more executors or administrators, they are considered as but one person in representing the testator or intestate, and accordingly, unless special reasons are shown, it is not allowable to sue any number less than all. When the action is against executors it is necessary to join only those who have administered. In nearly all American jurisdictions, statutory provisions make it unnecessary, in actions against executors, to join those to whom letters testamentary have not been issued and who have not qualified." 8 Standard Encyc. Procedure, 754-755. Under our statute (Civil Code, § 3893), where there is more than one executor and more than one qualifies, "all must join in executing special trusts, or in making contracts binding upon the estate, or in paying out funds belonging to the estate." If, therefore, this suit had been allowed to proceed against the coexecutor of the plaintiff after the name of the plaintiff as a codefendant was stricken therefrom, and judgment had been obtained against B. T. McHugh as executor for Mrs. Elizabeth McHugh in favor of Mrs. M. P. Williams individually, a situation would have been brought about where Mrs. Williams as coexecutrix with B. T. McHugh must join in paying out as required by our statute, to herself individually, funds arising from the estate represented in part by her.

It is unnecessary to discuss the anomalous and incongruous position which would be occupied by a plaintiff seeking to recover a judgment binding property the title to which was vested in part in the plaintiff in his or her representative capacity as executor or executrix for the estate to which the property belonged. Suppose, after a judgment was rendered in a suit of one executor in his individual capacity against his coexecutor, the defendant coexecutor should die or resign, and thereby no person be left in control of or with legal title to the estate of the deceased except the

plaintiff in whose favor judgment had been rendered, how easily possible it would be for the estate to be mulcted unjustly, should the judgment in favor of the sole remaining executor be not appealed from and the property of the estate be brought to sale thereunder. It would be against the interest of the plaintiff, suing the estate in his individual capacity, to press for the early filling of the vacancy caused by the death or resignation of his coexecutor, and it would be an absurd position to place the surviving executor in, that, as an individual and from a proper regard for his own interest, he should deliberately fail or neglect to appeal from such a judgment in his own favor, and should vigorously press it to settlement against the estate, when, as the sole remaining representative of the estate, it would perhaps be his duty in fairness and good conscience to resist to the end by appeal, or by illegality, or in some other way. Again, to illustrate the incongruity further, the defendant in fi. fa. has under our law the right to point out to the sheriff property upon which the sheriff may levy an execution, and if such property appears to be sufficient to make the amount of the judgment, the sheriff usually makes his levy accordingly. If one of two coexecutors were allowed to bring suit individually against the estate, by serving his coexecutor alone, and should obtain judgment thereunder, and the death or resignation of his associate followed before the execution was levied, it might be possible that before the appointment of a successor to the deceased executor, the surviving executor, as executor, might point out to the sheriff property of the estate to be levied upon under and by virtue of the fi. fa. obtained by this executor in his individual capacity, and the property so pointed out might be not the only property of the estate sufficient to satisfy the judgment, but property the sale of which at that particular time would be disastrous to the estate and immensely beneficial to the executor as an individual. Illustrations might be multiplied indefinitely. It seems clear to us that where a suit is brought by any one against an estate, it must be brought against *all* the executors in whom the title thereto is vested at the time, and if all be not included as defendants and the defect appears on the face of the pleadings, that the suit may be properly dismissed on motion.

As to what may be the remedy of one of two or more executors representing an estate who holds an individual claim against the

estate, it is unnecessary for us at this time to definitely decide. It is urged for the plaintiff that every right must have its remedy, and unless she could sue her coexecutor for the debt of the estate to her, she would be without remedy. It is not alleged in her petition that she is excluded from the possession of the estate or of any part thereof; and since she is entitled to such possession under the law, it may be presumed that the possession is jointly vested in her and her coexecutor. This being true, she might appropriate enough of the estate, provided there be enough left after claims of higher dignity are satisfied, to pay off her own claim, or to pay the same per cent. thereof that may be legally paid to other claims of like dignity. "An executor or administrator, at common law, has the right, as against equal creditors, to retain or withhold from the assets of the estate sufficient assets to pay claims held by himself against the estate. The reason generally assigned for allowing an executor or administrator to retain is that he can not, without an apparent absurdity, commence a suit against himself to recover that which is due to him in his private capacity; but having the whole personal estate in his hands, so much as is sufficient to answer his own demands is by operation of law applied to that particular purpose, otherwise an executor or administrator holding a claim against the estate would be in a worse position than other creditors." 8 Am. & Eng. Enc. Law, 1057.

"Even if an administrator who has permitted a claim which he had against his intestate to become barred pending his administration may waive, in favor of himself, the right to plead the statute of limitations against the claim, and, in pursuance of this waiver, retain the amount due him from the assets of the estate, slight circumstances will be sufficient to overcome the presumption that his return setting up such retainer is correct and that the claim against the estate was a just one, where there has been no return setting up the exercise of the right of retainer until long after the statutory period of limitations has expired; and especially would this be true where the return exercising the right of retainer is made pending a suit against the administrator for an accounting." *Willis* v. *Sutton,* 116 *Ga.* 283 (4) (42 S. E. 526). See also *Josey* v. *Rogers,* 13 *Ga.* 478 (6). In the case of *Baker* v. *Bush,* 25 *Ga.* 594 (71 Am. D. 193), the right of the administrator to retain a

debt due to himself from his intestate is recognized, though the holding in that case that the administrator may do this where such a debt is barred by the statute of limitations "at the death of the intestate" was not adhered to in *Beckham* v. *Beckham,* 113 *Ga.* 381 (38 S. E. 817). See also Civil Code, § 4009. So far as appears from the suit brought in this case, the debt sued for was not barred by the statute of limitations or otherwise subject to any such defense as would necessitate a waiver on the part of the executor in order that it might be pressed to collection.

· From the several cases cited and from others that might be referred to, the doctrine of retainer is clearly recognized in this State; and, so far as appears from the present petition, the plaintiff can exercise the right of retainer and thus collect her own debt in full; conceding that her claim be a valid claim against the estate and that the estate is sufficient to pay all claims of the same dignity with hers. Still another remedy remains to the executrix, as she could resign her trust and thereafter bring suit against the estate. Of course, the compensation to which she might be entitled as executrix might make this last course undesirable from a monetary standpoint, but nevertheless the remedy exists. If, under the particular facts and circumstances of the case, which do not appear from the simple suit now under discussion, but which may actually exist, it would be impossible to find at law a sufficient remedy for the plaintiff, the court of equity would yet remain.

We think the trial court properly entertained the motion to dismiss, and did not err in dismissing the petition.

*Judgment affirmed.*