CRUMMEY, administratrix, *et al.* *v.* CRUMMEY.

No. 13378. September 28, 1940.

*Highsmith & Highsmith,* for plaintiffs.
*Wade H. Watson,* for defendant.

JENKINS, Justice. ■ The superior courts being vested by the constitution with exclusive jurisdiction "in cases respecting titles to land, and equity cases" (Code, § 2-3201), a city court is without jurisdiction of such title matters unless they are merely "incidentally or collaterally involved" (*Black* v. *Fritz,* 98 *Ga.* 32, 33, 25 S. E. 188), or of such equity matters unless they arise "purely by way of defense, to defeat the establishment of some legal right." Accordingly, where a suit is filed in a city court, which is "without jurisdiction to grant affirmative equitable relief, a court of equity will entertain an application by the defendant to enjoin the proceeding, where it is made to appear that he has such rights in the subject-matter of the litigation as require the application of equitable remedies for the grant of full relief;" and in such a case the equity court will grant an injunction and cause the parties to litigate in that court, where full relief can be granted. *Butler* v. *Holmes,* 128 *Ga.* 333, 336 (57 S. E. 715), and cit.; *Gentle* v. *Atlas Savings & Loan Asso.,* 105 *Ga.* 406, 410 (31 S. E. 544); *Callaway* v. *Martin,* 7 *Ga. App.* 357, 358 (66 S. E. 1101). The alleged defense in the city court, involving title to land and establishment of an equitable title by reason of a trust arising from the alleged furnishing of the purchase-money, raised questions determinable only by the superior court; and therefore the petition in that court

by the defendant in the city-court case was not subject to demurrer as failing to show any ground of equitable jurisdiction.

■ However, "a trustee or executor can not, after he has accepted the trust, set up a title adverse to the trust." *Benjamin* v. *Gill,* 45 *Ga.* 110, 112; *Allen* v. *Solomon,* 54 *Ga.* 483, 485. The principle decided in those cases was codified in what is now § 38-117 of the Code. This section provides that "trustees and other representatives with custody of papers have ample opportunities to discover defects in the title of property in their care, and are estopped from setting up title adverse to their trust." This rule has been recognized as applicable to administrators, in *Harris* v. *McDonald,* 152 *Ga.* 18, 22 (108 S. E. 448), where it was held that "an administratrix in possession, and while acting as such, can not claim adversely to the estate of her intestate." See, to the same effect, *Dozier* v. *McWhorter,* 117 *Ga.* 786 (5) (45 S. E. 61); *Hardeman* v. *Ellis,* 162 *Ga.* 664 (4), 683, 686 (135 S. E. 195); *Gammage* v. *Perry,* 29 *Ga. App.* 427 (1, 2), 431 (116 S. E. 126); *Caswell* v. *Vanderbilt,* 35 *Ga. App.* 34, 37 (132 S. E. 123). In *Murphy* v. *Vaughan,* 55 *Ga.* 361 (2), 364, and *Williams* v. *Wheaton,* 86 *Ga.* 223, 225 (12 S. E. 634), and *Wright* v. *Thompson,* 190 *Ga.* 173 (8 S. E. 2d, 640), this rule of estoppel was recognized, but was held inapplicable under the facts. There is nothing inimical in the principle that under the Code, § 113-1202, an heir, next of kin, or creditor is favored in the appointment of an administrator, and is not precluded from receiving his proper share or claim from the assets of the estate, since such a claim does not have the legal effect of setting up a "title adverse to the trust." As to the right of an executor or administrator to obtain a settlement as a legatee or heir, or as a creditor "to retain or withhold from the assets of the estate sufficient assets to pay claims held by himself against the estate," or as an individual plaintiff to sue himself in his representative capacity or sue coexecutors or coadministrators, see *Groves* v. *Williams,* 68 *Ga.* 598 (4), 603; *Weaver* v. *Cosby,* 109 *Ga.* 310 (4), 318 (34 S. E. 680); *Williams* v. *McHugh,* 17 *Ga. App.* 59 (2), 64, 66, 67 (86 S. E. 272), and cit.

The rule of estoppel against an administrator, as above stated, does not operate where the legal title to land in controversy was not vested in the decedent at the time of his death. *Bussey* v. *Bussey,* 157 *Ga.* 648, 655, 656 (121 S. E. 821). While there are majority

holdings in *MacDougall* v. *National Bank of Columbus,* 150 *Ga.* 579 (2) (104 S. E. 630), and *McFadden* v. *Dale,* 155 *Ga.* 256 (1, a) (116 S. E. 596), to the effect that the rule which prohibits a person from suing himself does not apply where there are two or more executors, and the suit is brought in equity by one executor against a coexecutor, and while it is true that under the facts disclosed the suits undertook to set up equities in favor of the plaintiff, contrary to the interests of the estate, the principle of law as hereinbefore set forth, which inhibits a fiduciary from claiming adversely to his trust, does not appear to have been invoked in those cases, as is required in order to take advantage of such a defense, and the decisions were grounded upon other and different principles.

The administratrix in this case sought to set up an implied trust in a tract of land, arising from her having furnished the purchase-money to her deceased husband, and to establish her equitable title to the land, the legal title to which was in the husband at the time of his death. Under the preceding rule, she was precluded from doing so; and the trial court did not err, on this ground, in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*