PARNELLE *v.* CAVANAUGH *et al.*

No. 13481. JANUARY 15, 1941.

465

*Arthur L. Purvis* and *Shelby Myrick,* for plaintiff.

*O. E. Bright, Perry Brannen,* and *Travis & Travis,* for defendants.

JENKINS, Justice. 1. A contract by a person to adopt a child of another as his own "is not self-operating; heirship does not grow out of it; the right to take an estate as an heir at law [existing] only by operation of law," and "the right of the child [growing] wholly out of the contract; and the remedy is to specifically enforce the contract to the extent of decreeing to the child such interest in the estate undisposed of by will as he would have taken as a [natural] child of the adopting parent." *Pair* v. *Pair,* 147 *Ga.* 754, 758 (95 S. E. 295) ; *Burgamy* v. *Holton,* 165 *Ga.* 384, 391 (141 S. E. 42) ; *Ezell* v. *Mobley,* 160 *Ga.* 872 (4) (129 S. E. 532) ; *McWilliams* v. *Pair,* 151 *Ga.* 168 (2) (106 S. E. 96).

2. An executor or administrator, after acceptance of the trust, can not claim adversely thereto. *Harris* v. *McDonald,* 152 *Ga.* 18, 22 (108 S. E. 448) ; *Dozier* v. *McWhorter,* 117 *Ga.* 786 (5) (45 S. E. 61) ; *Benjamin* v. *Gill,* 45 *Ga.* 110, 112 ; *Allen* v. *Solomon,* 54 *Ga.* 483, 485 ; *Crummey* v. *Crummey,* 190 *Ga.* 774 (10 S. E. 2d, 859) ; Code, § 38-117. Although this principle is not applicable to an administrator, who as an heir or next of kin merely claims

and receives his proper share of the estate, or as a creditor holds a claim which was liquidated or arose in the ordinary course of business between the decedent as debtor and the claimant as creditor (*Crummey* v. *Crummey,* supra; Code, § 113-1202 (5) ; *Groves* v. *Williams,* 68 *Ga.* 598 (4), 603; *Weaver* v. *Cosby,* 109 *Ga.* 310 (4), 318, 34 S. E. 680; *Williams* v. *McHugh,* 17 *Ga. App.* 59 (2), 64, 66, 86 S. E. 272, and cit.; *Harris* v. *Longino,* 20 *Ga. App.* 311 (2), 93 S. E. 29, and cit.), the rule operates to preclude an executor from asserting an individual claim to the properties disposed of by will, or an administrator from claiming an entire estate, by virtue of an alleged contract by the decedent to adopt the claimant as his child or to make a will leaving to him all of the estate. *Hardeman* v. *Ellis,* 162 *Ga.* 664 (4), 682 (135 S. E. 195), and cit. Such a claim by an administrator is adverse, since it is not based upon natural kinship or an ordinary relationship of debtor and creditor, but rests on the alleged contract whereby the claimant seeks to exclude from the entire estate the heirs who would otherwise take.

3. Under the preceding rules, and irrespective of the reasons assigned by the trial judge for his decision, or questions raised by other grounds of demurrer by the defendant heirs to this petition by an administratrix, seeking to enforce against the estate an alleged contract by the decedent to adopt the petitioner and to make a will leaving all of the decedent's property to her, the petition was subject to the ground of general demurrer that it was brought, "not for direction as to the distribution of the estate alone, but to accomplish a purpose adverse to the interest of the administratrix of said estate as such, and solely for the purpose of advancing [her] interest as an individual." Therefore the court did not err in dismissing the petition.

4. The motion in this court for leave to amend the petition, in the event that the judgment of dismissal should be affirmed, by adding an averment and prayers relative to the alleged contract to make a will, must be denied, since obviously the desired amendment would not rectify the fatal defect stated.

*Judgment affirmed. All the Justices concur.*