20844. SPRATLIN *et al. v.* SPRATLIN, Executor, *et al.*

ARGUED APRIL 11, 1960—DECIDED MAY 5, 1960.

*James W. Arnold, Guy B. Scott,* for plaintiffs in error.
*Howell C. Erwin, Jr., Erwin, Birchmore & Epting,* contra.

ALMAND, Justice. James E. Spratlin and his wife, Gussie Spratlin, filed their suit against James E. Spratlin and W. K. Carithers, executors of the will of the late Martha Winn Dudley, and three named persons as devisees under the will of Martha Winn Dudley, it being alleged that the executors had accepted the trust and qualified, the will having been probated. The petition alleged that in September, 1956, the testatrix made an

agreement with the plaintiffs, that, if they would come to her home, live with her, nurse her, and look after her household affairs until her death, she would make a will devising to them her residence at 670 W. Broad Street, Athens, Georgia. It was further alleged that though they fully complied with the agreement by moving into the home of the testatrix, she breached the contract by devising her residence to the three named defendant-devisees. The prayers were that the defendant-executors be required to specifically perform the contract by deeding the property to the plaintiffs.

The defendants demurred generally to the petition on the grounds: (a) that the plaintiff, James E. Spratlin, having accepted the trust by qualifying and acting as one of the executors of the will of the testatrix, is estopped from setting up title or claim to the property adverse to his trust under the will; and (b) that James E. Spratlin as an individual cannot maintain an action against himself as an executor under the will of Martha Winn Dudley.

The court sustained these demurrers and dismissed James E. Spratlin as a party plaintiff. The case is here on a bill of exceptions assigning error on this order.

The court properly sustained the demurrers and dismissed James E. Spratlin as a party plaintiff. Code § 38-117, which provides that "Trustees and other representatives with custody of papers have ample opportunities to discover defects in the title of property in their care, and are estopped from setting up title adverse to their trust," has been applied on several occasions where executors and administrators have sought as individuals to sue themselves in their capacity as executors and administrators and set up claims adverse to the interests of the estate they are administering.

In *Hardeman* v. *Ellis*, 162 *Ga.* 664 (4) (135 S. E. 195), it was held that one who had qualified as an executor, taken charge of the estate, and after administering the estate for two years resigned his trust, was estopped thereafter from suing the administratrix of the testatrix's estate and attempting to enforce a contract with the testatrix by claiming the entire estate. It was there said (pp. 685, 686): "Where one is in a situation in which

he may elect between two inconsistent positions or proceedings, the choice of his position or proceeding must be made before bringing suit. He can not bring either action without selecting and determining to accept and occupy a position consistent with that action or position and inconsistent with the other. If with knowledge he chooses the position he will occupy, it would be trifling with the court to allow a change. Since the choice is made and one of the alternative positions or proceedings has been adopted, the act operates at once as a bar to the other and the bar is final and absolute . . . By probating the will of testatrix, which disposed of a large estate, and by qualifying as her executor to dispose of the same in accordance with her directions contained therein, plaintiff in effect represented to the court of ordinary that testatrix died seized and possessed of an estate which she had undertaken to dispose of by her will. By qualifying as her executor he became bound to administer her estate in conformity to directions given in her will. At the time he probated her will and qualified as her executor he was fully aware of his rights under the contracts with her and her husband which he seeks to have specifically performed in the present proceeding. He was fully aware that if said contracts were in fact made and were specifically performed, the testatrix had no estate of which she could dispose by will. Under these circumstances the plaintiff was put to his election of rights, positions and proceedings. He had to make choice of rights, proceedings and positions. He had to choose between probating the will, accepting the office of executor, of executing the will and of accepting the benefits accruing to him under this instrument, and the rights accruing to him under the enforcement of said contracts. These positions were inconsistent. His election to proceed under the will concludes him from undertaking to have these contracts enforced. So we are of the opinion that the plaintiff, in determining to probate this will, in qualifying as executor and in executing the same in part, became estopped, 'upon grounds of public policy and good faith,' from asserting his rights under the contracts sought to be enforced in this case." See also *Crummey* v. *Crummey*, 190 *Ga.* 774 (10 S. E. 2d 859), and *Parnelle* v. *Cavanaugh*, 191 *Ga.* 464 (12 S. E. 2d 877), where the rule was applied to administrators.

The plaintiff in error contends that the ruling in *Hardeman* v. *Ellis,* 162 *Ga.* 64, supra, is not applicable here because (a) his action is one seeking redress as a creditor of the testatrix; (b) he and his wife do not claim the entire estate of the testatrix; and (c) the rule is not applicable where there is more than one executor. None of these grounds is valid. The plaintiffs do not seek a money judgment against the estate, but seek to require the defendant executors to convey the property to them. Whether the plaintiffs seek to recover all or a part of the estate is immaterial for the reason that the claim of James E. Spratlin as an individual is against himself as an executor, and therefore is inconsistent with and adverse to his duties as a trustee.

As pointed out in the unanimous opinion of this court in *Crummey* v. *Crummey,* 190 *Ga.* 774, supra, in the majority holdings in *MacDougall* v. *National Bank of Columbus,* 150 *Ga.* 579 (2) (104 S. E. 630), and *McFadden* v. *Dale,* 155 *Ga.* 256 (1a) (116 S. E. 596), to the effect that the rule which prohibits a person from suing himself does not apply where there are two or more executors, the principle of law which inhibits a fiduciary from claiming adversely to his trust does not appear to have been invoked, and those decisions were grounded upon other and different principles. See also *Perdue* v. *McKenzie,* 194 *Ga.* 356 (21 S. E. 2d 705), and *Williams* v. *McHugh,* 17 *Ga. App.* 59 (86 S. E. 272).

It was not error to sustain the demurrers and dismiss James E. Spratlin as a party plaintiff.

*Judgment affirmed. All the Justices concur.*