Hill vs. McPherson.

HILL, DEFENDANT IN ERROR, vs. McPHERSON, PLAINTIFF IN ERROR.

1. If a firm executes a note to one of its members, he cannot sue on it, at law, nor can his assignee. The assignment cannot create a right to sue, when the assignor has no such right.

. ERROR to St. Louis Circuit Court.

STATEMENT OF THE CASE.

This was a suit begun before justice Mann Butler, February 7th, A. D., 1847, by the defendant in error against the plaintiff in error on an instrument of writing in the following figures and and words, to wit: "Dollars $100.

ST. LOUIS, August 13, 1845."
Borrowed and received of Hugh White, Jr., one hundred dollars payable on demand,"
          (Signed)          .          "J. McPHERSON & CO."
Upon the back of which was written the following words, to wit:
"For value received I assign the within note to Britton A. Hill, and order that amount due thereby to be paid Britton A. Hill, or his order."
          (Signed)          "HUGH WHITE, Jr."
On the trial before the justice, verdict and judgment were rendered for the defendant in error, and plaintiff in error appealed therefrom, and thereunder the cause went up to the circuit court. The trial of the cause was by the court without a jury.

On the trial, in the circuit court, the only evidence given, was the following admission of facts, to wit: "that said McPherson and Hugh White, Jr. were partners at the making and endorsing of the note; that White endorsed it to said Hill, and that their signatures are genuine; that McPherson signed the note sued on, for the firm of J. McPherson & Co., and that White endorsed to Hill, and the note was read in evidence."

The plaintiff in error prayed the court to give the following instruction, to wit:

Hill vs. McPherson.

"Upon the facts admitted in this case, the plaintiff is not entitled to recover in this case." Which the court refused, to which decision of the court, the plaintiff in error duly excepted.

The court, of its own motion, declared the law of the case to be, as follows, to wit: "The circumstance, that the payee was a member of the firm which made the note, is no defence to this suit, although, if White himself was the plaintiff, he might have been compelled by the course of practice to resort to another tribunal:" to the giving of which, the plaintiff in error duly excepted. The verdict was rendered for the defendant in error, for the principal and interest of the note; whereupon the plaintiff in error in due time filed a motion to set aside the same and grant him a new trial, for the following reasons, to wit:

1. Because the verdict is against the evidence.

2. Because the verdict is against the law under the evidence.

3. Because the court erred in refusing to give the instruction asked for by the defendant (plaintiff in error.)

4. Because the court erroneously declared the law in the instruction given of its own motion.

This motion the court refused to grant; to which decision of the court the plaintiff in error duly excepted. Final judgment was then rendered for the defendant in error, and the plaintiff in error filed his bill of exceptions; which was signed, and he therefore sued out a writ of error, upon said judgment, to this court.

## TODD & KRUM, for plaintiff in error.

I. The note sued on, is a chose in action, assignable only by virtue of sec. 2nd, of the act concerning "bonds and notes," in Rev. Stats. 1845 pages 189 and 190. By sec. 4, of the same act, page 191, it is enacted, that "the nature of the defence of the maker shall not be changed by the assignment, but he may make the same defence against the note in the hands of the assignee that he might have made against the assignor." And by sec. 5 of same act, it is enacted "that the assignee shall not obtain greater title to, or interest in any note than the person had from whom he acquired it."

This note does not contain the words "without defalcation or discount" or "negotiable and payable without defalcation."

Now, White, the payee, from whom Hill obtained the note, had no title or interest therein, upon which he could maintain a suit, either at law or in equity. For one partner cannot sue his firm, nor a member thereof, upon an indebtedness of the firm to him. He is, himself, one of the debtors owing the debt. His title and interest in the debt is uncertain and unliquidated and cannot be known till a final settlement, upon which it may appear to be nothing. Therefore, this, suit is barred by said Sec. 5.

Again, had White sued, upon proof that he was one of the firm of McPherson & Co., a perfect defence would have been made to the suit. Therefore, the suit is barred by said section 4.

The principle of "negotiable" paper, whereby such paper, although made by a co-partnership to one of its members, is transferable the same as if made to a stranger, does not and cannot apply to this case. The statute has made an express distinction between them, and fixed the peculiar properties of each. By virtue of the statute, such paper as this is a mere chose in action, whose assignability &c. are entirely creations of the statute, and are limited to them, and extend no further. It has no original properties beyond those of an open merchant's account, or any other liquidated demand. This is further shown, in the fact that bonds are put upon the same footing. Indeed, their character can be no better than a note at common law or under the statute of Anne, not payable to order. Such a note is not assignable at law. If assigned by the payee, its effect, as of any other chose in action, is good in equity, so that the assignee might, in equity, sue in his own name. But at law he must sue in the name of the payee. In either case, in equity or law, the maker would be entitled to the same equities and defences, as if the payee remained the real owner. Story on Prom. notes sec

Hill vs. McPherson.

128, 129. Now, by the supposition and fact, in this State such a note as sued upon in this case, was not assignable before the statute, and that statute making it assignable, gave it but one quality that it had not before, to-wit: that the assignment should vest the legal title so that the assignee might sue in his own name at law, and it especially procures to the maker all his other defences. To show, further, that no more was intended, this court has decided, that although a near or remote assignee may, in his own name, sue the maker, he cannot sue a remote assignor at law. For that, he must still go into equity: 8 Mo. Rep. 559.

HILL, *per se.*

1. Isaac McPherson & Co., a firm composed of Isaac McPherson & Hugh White, made their non negotiable note payable to Hugh White, one of the partners, who assigned the note to Hill, for value. By the 3 and 4 sections of the act concerning "bonds and notes," Rev C. 190, the makers were authorized to make every set off or discount against the assignor before assignment, and the nature of the defence of the obligor was not changed by the assignment.

2. Defendant showed no defence, or sett off, or want of consideration, but contends that the payee could not have sued the makers, and therefore the assignee could not.

3. It is submitted by the plaintiff, that the defence is frivalous and untenable. If a partnership make their note payable to a member of a firm, and he endorse it to a *bona fide* holder for value, or assign it, the holder may sue the firm or any member thereof on the note. The drawing of the note by a firm, payable to a member of the firm, is an authority to that member to assign and endorse it, and the presumption is, that such was the design of the makers.

4. If the defendant had had any defence under sections 3 and 4, he should have shown it. It is in vain for him to say, that the payee could not sue both the makers, and therefore that the assignee cannot. The relation between the assignee and the makers is precisely the same as if the note had been made originally by the said J. McPherson & Co. to the plaintiff. The judgment, therefore, should be affirmed.

RYLAND, J., delivered the opinion of the court.

From the facts, appearing by the statement above, the question arises whether an assignee of a non negotiable note can maintain an action at law against the makers of the note, when the assignor, himself, could not.

That White, the assignor and payee of the note, which is not negotiable, being, himself, one of the firm of McPherson & Co., the makers of the note, could not, at law, maintain an action on this note against the makers: that is, that he could not be both plaintiff and defendant in the same suit at law, is a proposition that does not now require the citation of authorities to support it.

Does his assignee stand in a better attitude? Sect. 4 of the statute concerning bonds and notes, Digest of 1845 page 194 declares, "that the nature of the defence of the obligor or maker shall not be changed by the assignment, but he may make the same defence against the bond or note, in the hands of the assignee that he might have made against the assignor:

The defence, mentioned in this section, may be one of law or of fact. It may exist alone in the incapacity of the plaintiff legally to sue, and such, we think, is the case now before us. We cannot see how the assignor, who could not sue himself, can give, by his assignment, power to the assignee to sue. The same defence is given against each, and the existence of the same legal defence to the one, sufficient to defeat his action, must have the same effect against the other.

We, therefore, reverse the judgment of the court below, my brother judges concurring herein.