JOHN CALHOUN et. al., Appellants, v. WILLIAM M. ALBIN et al., Respondents.

1. *Bills of exchange and promissory notes — Payee indorsing without recourse, who re-acquires after maturity, subject to antecedent equities.—* The payee of a promissory note, who re-acquires it after indorsing it over without recourse, then stands in the position of an ordinary transferee. And where the note is re-acquired after maturity, he takes it like any other assignee of non-negotiable paper, subject to all antecedent equities. And his rights are not enlarged by the fact that he claims as payee, and not as transferee or indorsee. Thus, where the makers and indorsers of a note were firms having a common member, the assignee after maturity, of the indorser, could not at law sue the makers, even though he had previously been payee of the note, and claimed as such.

*Appeal from Buchanan County Common Pleas Court.*

*B. F. Loan*, for appellants.

I. As payees of the note sued, the plaintiffs below had a right to strike out all indorsements on said note, and sue as payees. (Glasgow v. Switzer, 12 Mo. 395.)

II. As holders of said note they had a right, under the statute, to sue in their own name.

*Hall & Oliver*, and *Hill & Ensworth*, for respondents.

I. After the note in suit had been transferred to Strong for the use of the Union Printing Company, that company could not have sued on it in a court of law. Sherwood was a member of the firm of P. Bliss & Co., the maker of the note, and was also a member of the Union Printing Company. To permit one of these companies to sue the other in a court of law, would be to permit a man to sue himself. The right of action on the note in suit was thus suspended while the Union Printing Company held it. The rule is that personal action once suspended is extinct. (5 Pet. 311; Hill v. McPherson, 15 Mo. 204.)

II. The note in suit having been transferred to plaintiffs after it became due, the plaintiffs could obtain no greater right than Strong or the Union Printing Company had. And as the Union Printing Company could not maintain this suit, it could not give the plaintiffs the right to maintain it. (3 Kent, 123.)

III. The evidence and pleading both show that the note sued on was, after maturity, indorsed and transferred in full by written indorsement thereon. The plaintiffs could not, by striking out such an indorsement, invest themselves with the legal title so as to bring suit in their own name, the note being past negotiability. (See Davis v. Christy, 8 Mo. 569; Finney v. Turner, 10 Mo. 209; Billings v. Atchison, 15 Mo. 70; 3 Kent, 123.)

CURRIER, Judge, delivered the opinion of the court.

This suit is brought against the firm of P. Bliss & Co., to recover the amount claimed to be due upon the firm's negotiable promissory note to the plaintiffs. The plaintiffs sue as payees, although it appears that the note is in fact held by them as the assignees of a business firm known as the Union Printing Company. The note was drawn by the firm of P. Bliss & Co. to the order of the plaintiffs, and was by the plaintiffs, at its maturity, indorsed in full and delivered to J. W. Strong for the use and benefit of the Printing Company.

The plaintiffs indorsed it without recourse, and received as a consideration for the transfer, the Printing Company's note for a like amount. Subsequently to this, and when the note was past due and uncurrent, the plaintiffs, at the instance of the Printing Company, took the note back, and now profess to hold it as collateral to the note of said Printing Company, although they admit that the latter note is good without any collateral support.

Sherwood, one of the members of said Printing Company firm, is also a member of the firm of P. Bliss & Co., and is joined as a defendant in this suit.

These facts appear from the pleadings and evidence, and are not in dispute. Upon the facts as thus recited, can the plaintiffs maintain this suit?

It is obvious that the plaintiffs transferred all their right, title and interest in the note sued on, when they indorsed it to the Printing Company, and that, as their indorsement was in full and without recourse, they had no further concern with the note as original parties to it. They were as clear of it as though the note had been payable to a stranger and had never passed through their hands. Therefore, when the note came back to them they received it as would any other transferee, and not because of their prior relations to the note, either as payees or indorsers.

Nor are their rights enlarged by the form of the suit, by suing as payees, and not as the Printing Company's indorsees or transferees. By the re-acquisition of the note they succeeded to the rights and remedies of the Printing Company and to nothing more. But the Printing Company had no remedy upon the note in an action at law, but only in equity, where the equities of the parties could be considered and adjusted. But this is an action at law, and the plaintiffs are cut off from this mode of redress, since their assignors had no such remedy. They stand in the attitude of assignees of non-negotiable paper. Any action they might bring upon the note was subject to the same objections and defenses that might be urged against an action in the name and favor of their assignors. The assignment created no new right of action. This point was definitely settled in Hill v. McPherson, 15 Mo. 204.

Moreover, it is quite apparent from the record that the present suit is in fact prosecuted in the interest of the Printing Company, and that it is so prosecuted in the name of the plaintiffs as a mode of avoiding defenses that might be made against an action brought in the name of said company. Such arrangements are not favored by the courts.

The Printing Company was debarred from maintaining an action at law upon the note against P. Bliss & Co., because of the composition of the two firms. The defendant Sherwood being a member of both, could not join in an action at law against himself. It has already been shown that the plaintiffs are subject to the same disabilities as were their assignors. The form of the assignment is unimportant. The plaintiffs were the original payees, and the endeavor was to revest them with title by erasing the indorsements upon the back of the note and a delivery of it back to them. That was at best but a mode of effecting an assignment, and the plaintiffs took as assignees of the Printing Company.

Since the plaintiffs cannot recover upon the facts shown by the record, it is unnecessary to notice the instructions. The plaintiffs took a nonsuit, and as a reinstatement of the case would be of no avail to them, the judgment will be affirmed. Judge Wagner concurs. Judge Bliss not sitting.