RICHARDSON, next friend, *v.* CADE *et al.*, administrators.

The petition set out a cause of action, and the court erred in dismissing it on demurrer.

No. 1662.    SEPTEMBER 28, 1920.

Equitable petition.    Before Judge Hammond.    Richmond superior court.    September 20, 1919.

Frances Elizabeth Thomas, by next friend, filed an equitable petition in Richmond superior court against the administrators of the estate of Mrs. Sallie E. Thomas. It was alleged, that one Benona A. Cox is the natural daughter of the youngest brother of Mrs. Thomas; that Benona was received into the home of Mrs. Thomas when she was an infant and raised to womanhood; that on September 3, 1906, the plaintiff was born to Benona A. Cox; that the father of the plaintiff was never

married to her mother and that she has never been legitimated; that the plaintiff's mother had the exclusive possession, custody, and control of her; that when plaintiff was about three weeks old she and her mother, at the instance of Mrs. Thomas, returned to Mrs. Thomas's home; that (par. 9) a few weeks " after the said Benona A. Cox returned to the home of the intestate with her said child, that said intestate persuaded and induced the said Benona A. Cox to give to her her said daughter, to have, to keep, and to raise under her exclusive possession and control, promising and agreeing with the said Benona A. Cox that if she would give her the said child that the said intestate would adopt said child as her own and would raise, maintain, and educate her and would give to her her own name and substantially provide for her out of her property; that the said Benona A. Cox, in consideration of the aforesaid promises, agreed to give, and then and there did give, her said daughter to said intestate upon the faith of intestate's promise and agreement that intestate would adopt her as her child, give to her her name, and raise, maintain and educate her and treat her in all respects as her own natural child;" that (par. 10) intestate received plaintiff into her home as her own, " promising and intending to adopt her with all the rights of a child of her own body, nursed and cared for her personally during her infancy, and cherished her with the utmost tenderness, affection, and indulgence to the day of her death, and exercised entire control over [plaintiff] in every respect and as fully as a mother could do, and to the exclusion of any manner of control over" plaintiff by her natural mother; that Mrs. Thomas manifested great pride in plaintiff as she grew and developed into girlhood, and repeatedly stated that she had adopted plaintiff " as her own, and made these declarations openly and with apparent satisfaction and pride to the day of her death;" that (par. 11) plaintiff " learned from her infancy to treat and regard said intestate as her mother; . . rewarded [her] foster-mother with her childish love and affection, and rendered to her all of the companionship, service, and obedience compatible with her tender years to the day of her said foster-mother's death;" that (par. 12) said intestate, " in part performance of her agreement with the mother of" plaintiff, employed an attorney to take the necessary legal steps to have plaintiff's name changed from

that of Frances Elizabeth Cox to that of Frances Elizabeth Thomas; that in the application framed for that purpose (the contents of which were known to and approved by the intestate) it was alleged that it was desirable to do so " because since the birth of the said infant child, Frances Elizabeth Cox, she has been under the custody and control of Sallie E. Thomas," and " Sallie E. Thomas has and does treat the said Frances Elizabeth Cox as her daughter, and has and does manifest a mother's affection for said infant," and " because the said infant, Frances Elizabeth Cox, has and does regard the said Sallie E. Thomas as her mother, both in obedience and affection," and because " Sallie E. Thomas desires to make and give to Frances Elizabeth Cox a substantial gift of real estate and personal property when petitioner [referring to plaintiff's mother] consents to the change of the name of her said infant daughter, which consent is fully and freely given," and " because Sallie E. Thomas will make and give to the said infant Frances Elizabeth Cox a substantial gift of real estate and personal property before and after this honorable court passes an order changing her name as prayed;" that on December 23, 1913, an order was passed on said application by the judge of the superior court of the Augusta circuit, changing the name of plaintiff as prayed; that intestate died a widow without a child of her body, and without having formally adopted plaintiff, and without having made plaintiff any substantial gift of personalty or conveyance of realty in pursuance of her promise to plaintiff's mother, notwithstanding plaintiff's mother had fully complied with her promises and agreements, and notwithstanding plaintiff had lived in constant companionship with and exhibited undivided affection for the said intestate to the time of her death; that intestate left an estate of approximately $50,000 after the payment of all debts and cost of the administration, and that the plaintiff, if legally adopted, according to the agreement made by the intestate with plaintiff's mother, would have inherited intestate's estate as her sole heir at law. The petition further alleged that plaintiff was in equity entitled to take the estate after payment of all debts and cost of administration as a legally adopted child, and accordingly so prayed. The defendants demurred generally to the petition, and specially upon the ground that the allegations of paragraphs nine and ten of the petition are qualified and limited

by the allegations of paragraph twelve, and when so considered and construed it is apparent from the petition that the true and only intent and purpose of the intestate was to give to plaintiff her name and to make to plaintiff "a substantial gift of real estate and personal property," and that so construed the allegations of the petition do not entitle the plaintiff to the relief prayed; and that the promise to make to plaintiff "a substantial gift of real estate or personal property" is too vague, indefinite, and uncertain to be enforced by a court of equity. The demurrers were sustained, and the plaintiff excepted.

*Callaway & Howard* and *I. S. Peebles Jr.*, for plaintiff.

*Cumming & Harper* and *C. H. & R. S. Cohen*, for defendants.

GEORGE, J. (After stating the foregoing facts.) The demurrer calls for a construction of the petition; hence we have set out the allegations at some length. It is now settled in this State that "a parol obligation by a person to adopt the child of another as his own, accompanied by a virtual though not a statutory adoption, and acted upon by all parties concerned for many years and during the obligor's life, may be enforced in equity upon the death of the obligor, by decreeing the child entitled as a child to the property of the obligor undisposed of by will." *Crawford* v. *Wilson*, 139 *Ga.* 654 (78 S. E. 30, 44 L. R. A. (N. S.) 773). The rule above quoted is not questioned by the demurrer. It is insisted that the allegations of paragraphs nine and ten of the petition are qualified and limited by the allegations of paragraph twelve, set forth in the statement of facts. By reference to paragraph nine it will be noted that a clear contract to adopt the plaintiff is set out. A contract to adopt carries with it the incidental right of heirship. The parent may by will cut off a natural child. There is therefore a wide difference between a contract to adopt a child and a contract to make provision by will or otherwise for the benefit of the child. Properly construed, the allegations of paragraphs nine and ten of the petition alleged a parol contract to adopt, coupled with an assurance that the adopted child would not be deprived of the fruits of such contract. The allegations of paragraph twelve of the petition are pleaded as acts of the intestate "in part performance of the contract;" that is to say, the allegations of this paragraph of the petition are evidentiary. It appears from the petition that plaintiff was received into the home

of the intestate under the contract to adopt her in 1906. The legal proceeding pleaded in paragraph twelve of the petition was not filed until the latter part of 1913. During the intervening years, according to the petition, the plaintiff had fully performed every obligation, express or implied, resting upon her. The allegations of paragraph twelve, therefore, can not be construed as a qualification or limitation upon the prior contract to adopt, set out in paragraphs nine and ten of the petition. The interpretation to be placed upon the conduct and acts of plaintiff's mother and intestate, as alleged in paragraph twelve of the petition, may or may not be favorable to the contention now made by the plaintiff. It was nevertheless competent matter to be pleaded by the plaintiff. As pleaded, the allegations do not qualify or limit the contract set out in the preceding paragraphs of the plaintiff's petition.

The court can not decree a specific performance of a contract to make to the plaintiff "a substantial gift of real estate and personal property." Such a promise is too indefinite and indeterminate in character, and can not be given effect. Citation of authority is unnecessary to sustain this proposition. As we have indicated, the petition does not pray the specific performance of the contract to make a substantial gift, or to substantially provide for the plaintiff. It is a petition in equity to have the equitable status of plaintiff declared and to have her equitable rights enforced by appropriate decree (*Pair* v. *Pair,* 147 *Ga.* 754, 758; 95 S. E. 295) ; and with this as its purpose we are of the opinion that the court erred in dismissing the petition upon demurrer.

*Judgment reversed. All the Justices concur.*