MacDougall *v.* National Bank of Columbus *et al.; et vice versa.*

Atkinson, J. 1. So far as meritorious, the grounds of special demurrer to the petition were met by appropriate amendment. The petition as amended set forth a cause of action, and the court did not err in overruling the demurrers.

2. Where a married woman sued her husband and another holding under him, to cancel deeds executed by the woman to the husband and by him to his transferees, and pending the action the husband died leaving a will in which his wife (plaintiff) and another were named as executors, and the will was duly probated, and the executors qualified, and afterward the death of the husband was suggested of record and the executrix (plaintiff) was made a party defendant, and thereafter her codefendant moved to dismiss the action upon the ground that the executrix could not be both plaintiff and defendant, and thereupon the plaintiff moved to strike the name of the executrix as party defendant and substitute in her place the name of her coexecutor as one of the parties defendant in the case, *Held*: The suit being in equity, and the general rule at common law not applying, the court erred in disallowing the amendment offered by the plaintiff, and in dismissing the case.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur, except Hill and Gilbert, JJ., dissenting.*

GILBERT, J. The court did not err in sustaining the motion of the bank and in dismissing the case. " As a general rule a person cannot be plaintiff and defendant in the same suit; and the rule applies though such person sues in one capacity and defends in another." 20 R. C. L. 663, § 2; 1 C. J. 983, 984, § 90; *Williams* v. *McHugh*, 17 *Ga. App.* 59 (86 S. E. 272); *Miller* v. *Thorn, R. M. C.* 180; Livingston *v.* Livingston, 2 Mill (S. C.), 428 (12 Am. D. 684); Brown *v.* Mann, 71 Cal. 192 (12 Pac. 51); Byrne *v.* Byrne, 94 Cal. 576 (27 Pac. 1115, 30 Pac. 196); Burley *v.* Harris, 8 N. H. 233 (29 Am. D. 650); Hill *v.* McPherson, 15 Mo. 204 (55 Am. D. 142); Swoope *v.* Swoope, 173 Ala. 157 (55 So. 418, Ann. Cas. 1914A, 937); compare *Oliver* v. *Hammond*, 85 *Ga.* 323 (11 S. E. 655). Whether this rule is applicable only in cases at law, and inapplicable in cases proceeding on the equity side of the court, it is unnecessary to say further than that the mere fact that the proceeding is in equity will not suffice to constitute an exception to the general rule; at least the allegations must show equitable reason to justify an exception to the general rule. The facts of this case are insufficient to constitute an exception to the general rule that a person cannot be plaintiff and defendant in the same suit. The court did not err in refusing to strike the name of Mrs. Berry (MacDougall), executrix, as defendant, and to substitute therefor the name of her co-executor, and to allow the case to proceed as thus amended.

Nos. 1804, 1805. SEPTEMBER 29, 1920.

Equitable petition. Before Judge Howard. Muscogee superior court. November 19, 1919.

From the petition as amended, with the attached exhibits, it appears that on June 1, 1912, a warranty deed in fee simple was executed by Mrs. Corinne Doyle Berry to her husband, M. O. Berry, conveying a house and lot in Cedartown, Polk County, upon a recited consideration of $3750 to her in hand paid. This deed was recorded on December 31, 1913. On May 3, 1915, M. O. Berry executed to the National Bank of Columbus, as security for a debt of $4107.56, a warranty deed conveying the same property. This deed recited that the property was the same that was conveyed to M. O. Berry, by Julia Trawick by deed dated October 23, 1907, and recorded October 24, 1907. Two years later the bank obtained against Berry judgment and execution for principal, interest, and attorney's fees on the debt, amounting to over $5000, and thereupon executed a quitclaim deed of reconveyance for levy and sale, and caused the execution to be levied on the property so conveyed; and at the sheriff's sale the bank became the purchaser in consideration of $3500. In October, 1917, Mrs. Berry brought a petition against the bank and her husband, alleging, in brief, as follows:

Prior to June 1, 1912, she was the owner of the property described in these deeds, which she had contracted to sell to one Fullwood for $3750, whose note for that amount she held, and to whom she had executed a bond for title. About that date M. O. Berry made known to her that Fullwood could not or would not pay his note, and would have to surrender the property to her; and he further induced her to sell the property to him (Berry) ; whereupon she made to him the deed first mentioned, he promising and agreeing to pay her the $3750, and she believing he would faithfully pay the same before he made any disposition of the property, "she having then and still has the utmost confidence in his intention to faithfully pay her said sum," etc. No order was granted by the superior court confirming, allowing, and approving the sale by her to her husband; and he has not paid her any sum as contracted and agreed for the property. The bank took his deed well knowing that she had so conveyed the property to him, and that she was his wife at the time of the conveyance. Each of the three deeds mentioned is a cloud on her title. She prays for their cancellation; for decree of title in her; and for general relief, etc.

To this petition the bank demurred on the grounds, in substance, that the petition is insufficient in law and in equity to entitle the plaintiff to the relief prayed for, because: She is estopped, by her deed to him, from asserting as against the bank that the consideration therein recited was never in fact paid to and received by her. It does not appear that the bank ever had knowledge or notice, before the filing of the petition, that the consideration acknowledged by her in her deed was not in fact paid to or received by her. It does not appear who was in possession of the property when Berry executed the security deed to the bank, when the quit-claim deed for levy was made, and when the sheriff's deed was executed. The plaintiff had an adequate remedy at law, to claim the property at the time of the sheriff's sale. No facts are pleaded to show that the bank was not a bona fide purchaser of the property for value and without notice that the plaintiff had any right of title or possession. It affirmatively appears that the bank was such a purchaser, and that the plaintiff put it in the power of Berry to inflict an injury and a fraud on the bank. Before the plaintiff is entitled to cancellation as prayed, she must do equity by offering to return the consideration acknowledged in her deed

to have been received by her, and must pay into court the sum of $3750, it appearing that the bank has an equity against her to the extent of that amount.

The demurrer was overruled; and this ruling is the basis of the cross-bill of exceptions. On November 19, 1919, on motion reciting that M. O. Berry had died on February 4, 1918, that he nominated petitioner as the executrix of his will, and that she duly qualified as such after probating the will, the court ordered that "the estate of M. O. Berry, deceased," be made a party defendant, and that the cause proceed against "Mrs. C. D. Berry as executrix of the last will" of said decedent. On the same day, upon her motion reciting that since the death of Berry she had married MacDougall, it was ordered that the cause proceed in her new name. On the same day the bank filed a motion that the petition be dismissed and that the action abate, alleging, that the suit could not legally proceed without the legal representative of the estate of M. O. Berry being a party; that the plaintiff could not legally maintain an action against herself in the representative capacity of executrix; and that by accepting that trust she became estopped from asserting a claim to property in hostility to the estate of M. O. Berry, and thereby waived and renounced her right, if she had any, to maintain this action. On the same day and in open court George C. Palmer, alleging that he was the only qualified executor except Mrs. C. D. Berry, the plaintiff, moved that he be made a party defendant, offering to file an answer and to have the cause proceed instanter. The offered answer states that the will of M. O. Berry was probated in common form on June 7, 1918, and respondent has duly qualified as executor; that Berry was insolvent when he died, and his estate was and is insolvent and will be neither increased nor diminished by the result of the pending cause; and that respondent brings into court the deed made to Berry by the plaintiff, and submits it to the judgment of the court. And the attorney for Mrs. C. D. Berry, executrix, being also the attorney for Palmer, executor, moved that the court allow her name to be stricken as a defendant, and that of Palmer as coexecutor to be substituted as defendant representing the estate of M. O. Berry, deceased. The court refused to grant this motion, and sustained the motion of the bank to dismiss the action. The plaintiff excepted.

*McCutchen & Bowden,* for plaintiff, cited, on dismissal of action: Civil Code, § 5738; *Allen* v. *Solomon,* 54 *Ga.* 484. On demurrer to petition: *Stonecipher* v. *Kear,* 131 *Ga.* 688, and cit.; Civil Code, §§ 4179, 4188; *Bashinski* v. *Swint,* 133 *Ga.* 38; *Walls* v. *Smith,* 19 *Ga.* 9; *LaRoche* v. *Falligant,* 130 *Ga.* 596; *Sears* v. *Bagwell,* 69 *Ga.* 429; *McLennan* v. *Graham,* 106 *Ga.* 211; *Dinkler* v. *Potts,* 90 *Ga.* 103; *Collins* v. *Moore,* 115 *Ga.* 327; 6 Cyc. 1013; 27 Cyc. 1191.

*Slade & Swift* and *Little, Powell, Smith & Goldstein,* for defendant, cited, on dismissal of action (omitting anything cited in the syllabus, supra): Civil Code, § 5739; Croswell's Exrs. & Admrs. 180; Powell's Actions for Land, §§ 248, 407, 408, and cit.; *Biggs* v. *Silvey,* 140 *Ga.* 762; *Taylor* v. *Colley,* 138 *Ga.* 41; *Kehoe* v. *Rourke,* 131 *Ga.* 269; *Brown* v. *Wilcox,* 147 *Ga.* 546; *Gibbs* v. *Harrelson,* 147 *Ga.* 404; *Jackson* v. *Harrison,* 147 *Ga.* 631; *Zeigler* v. *Arnett,* 142 *Ga.* 487; *Lowery* v. *Idleson,* 117 *Ga.* 778; *Reed* v. *Aubrey,* 91 *Ga.* 435; *Mercer* v. *Holloway,* 23 *Ga.* 151; *Fleming* v. *Foran,* 12 *Ga.* 594; 15 Enc. Pl. & Pr. 482; 8 Id. 680, 695; 18 Cyc. 967, and cit.; Dickerson *v.* Robinson, 6 N. J. L. 195 (10 Am. D. 396). On demurrer to petition: Civil Code, §§ 4369, 4521, 4526, 4537; *Charleston &c. Ry. Co.* v. *Hughes,* 105 *Ga.* 21; *Echols* v. *Green,* 140 *Ga.* 579; *Williams* v. *Rhodes,* 149 *Ga.* 170; *Scaife* v. *Scaife,* 134 *Ga.* 1; *Pierce* v. *Middle Ga. Land &c. Co.,* 131 *Ga.* 99; *Dotterer* v. *Pike,* 60 *Ga.* 42; *Sutton* v. *Aiken,* 62 *Ga.* 742; *Ford* v. *Blackshear Mfg. Co.,* 140 *Ga.* 670; *Krueger* v. *MacDougald,* 148 *Ga.* 429.