COPELAN *et al.,* administrators, *v.* MONFORT.

1. A parol agreement by a person to adopt the child of another as his own, accompanied by a virtual though not a statutory adoption, and acted upon by all parties concerned for many years during the obligor's life, may be enforced in equity upon the death of the obligor, by decreeing

the child entitled as a child to the property of the obligor, undisposed of by will.

2. Under the facts of this case the plaintiff can bring her suit in her individual capacity against her coadministrators to recover her interest in the property in controversy.

3. Such an equitable action as set out in the first headnote is maintainable by the plaintiff in her own name against the administrators of the obligor.

4. One in peaceable possession of property is neither guilty of laches, nor barred by the statute of limitations, from resorting to a court of equity in order to enforce his right to the legal title, where there is no assertion of adverse claim thereto and no fact or circumstance to put plaintiff on notice of such claim.

5. A plaintiff may embrace in his petition as many counts as he sees proper, provided all the counts set forth similar causes of action of a similar nature, and each count sets forth a complete cause of action.

6. The petition is not open to the objection that it is multifarious.

7. The petition set out a good cause of action.

No. 2851. JUNE 14, 1922.

Equitable petition. Before Judge Park. Greene superior court. September 3, 1921.

Miss Mildred E. Monfort brought her equitable petition, in two counts, against E. W. Copelan and B. P. Kimbrough as administrators of A. A. Kimbrough, deceased, and in the first count alleged substantially the following: Plaintiff is the daughter of Alexander Monfort and his wife, Elizabeth Bass Monfort. Plaintiff's father died in July, 1894, and her mother died on December 10, 1913. Plaintiff lived with her father and mother at their home in Greene County from the time of her birth until she was eighteen years of age, when she left her home to become a member of the family of Mrs. Sallie A. Kimbrough, as hereinafter set out. On July 17, 1881, Alexander Kimbrough died intestate in Greene County, leaving a considerable estate, consisting of lands and personal property, and as his only heirs at law his wife, Sallie A. Kimbrough, and his minor child, A. A. Kimbrough, defendants' intestate, who at the time of his father's death was between six and seven years of age. Shortly after the death of Alexander Kimbrough, Sallie A. Kimbrough, his widow, who was the sister of the plaintiff's mother, proposed to plaintiff's parents to adopt one of the girls of their family, expressing a preference for plaintiff. Plaintiff's parents expressed to Mrs. Kimbrough their reluctance to consent to her proposal, but promised to consider it; and accordingly, in November, 1881, Mrs. Kimbrough

again urged upon plaintiff's parents, as well as plaintiff herself, her desire to adopt her, and the father of plaintiff and Sallie A. Kimbrough agreed that plaintiff should become the adopted child of Mrs. Sallie A. Kimbrough, and plaintiff's father released to Mrs. Kimbrough the sole and exclusive care, custody, and control of plaintiff upon the promise of Mrs. Kimbrough, in consideration of her adoption, to take and keep her as her own child and do a child's part by her, with all the rights of a child including the right of inheritance. In compliance with this agreement Sallie A. Kimbrough took the plaintiff in November, 1881, with her to her home, where she remained as a member of her family and was treated as such until the death of Sallie A. Kimbrough on March 4, 1911. At the time plaintiff left her home and entered that of Mrs. Kimbrough under the circumstances above stated, she was a minor eighteen years of age. After plaintiff became a member of Sallie A. Kimbrough's family, plaintiff gave to her her constant companionship and affection and assisted in all the housework and rendered such personal services as a dutiful child can render to a mother, and, as Sallie A. Kimbrough advanced in years, cared for her as a daughter should, and relieved her of all the cares and worries of housekeeping. Plaintiff never married, but devoted her life to Sallie A. Kimbrough and her family, to the exclusion of every conflicting interest. She did not return to her home after she left it in November, 1881, save for an occasional visit. At the time plaintiff entered the home of Sallie A. Kimbrough, her son, A. A. Kimbrough, was a child between six and seven years of age, and plaintiff virtually raised him and the deepest affection and love grew up between them, which continued until the time of his death. Sallie A. Kimbrough did not take any formal steps to adopt plaintiff by court decree, but she often declared to plaintiff and others that plaintiff was her adopted child and a member of her family. Plaintiff was paid nothing for her services to Sallie A. Kimbrough, but she performed them because of her love and affection for her foster mother and A. A. Kimbrough, relying on the agreement hereinbefore stated between plaintiff's father and Sallie A. Kimbrough with respect to her adoption. At the time of Sallie A. Kimbrough's death she was possessed in her own right of considerable real and personal property described in the petition. On the death of Alexander Kim-

brough Sallie A. Kimbrough was appointed his administratrix, and in the administration of his estate in the court of ordinary of Greene County 1748 acres of land as the property of Alexander Kimbrough were divided between his widow and her son, A. A. Kimbrough. A. A. Kimbrough received as his portion of the estate 1207-3/4 acres, described in the petition. Sallie A. Kimbrough died intestate. No administration was had on her estate, all of her debts have been paid, and no administration thereon is now necessary. On the death of Sallie A. Kimbrough, plaintiff and A. A. Kimbrough entered jointly into possession of all the property of which she died possessed, and so remained in possession until the death of A. A. Kimbrough on October 29, 1919, under the circumstances hereinafter related, since which time plaintiff has continued in possession of the real estate described in the petition as the home place. Immediately after the death of Mrs. Kimbrough plaintiff contemplated, and so informed A. A. Kimbrough, returning to her former home with her mother, Mrs. Elizabeth Monfort, who was then in life. To this course A. A. Kimbrough objected, saying that he had no one to take care of a home, that he recognized that plaintiff was entitled to a half interest in the home place where his mother lived and died, as well as in the other property left by his mother, and that he did not wish the property divided or sold and the home broken up; and he urged petitioner to remain in her adopted home, and promised her that if she would continue to live as she had been as a member of the family and keep house for him and his manager, he would give to her by deed or will all his interest in the home place if he died first. Plaintiff accepted this offer, and continued to live at the home place after the death of Sallie A. Kimbrough until the time of the filing of the present suit. While the possession of the property, real and personal, left by Sallie A. Kimbrough, at her death, was jointly in the plaintiff and A. A. Kimbrough from March 4, 1911, to October 29, 1919, plaintiff entrusted A. A. Kimbrough with the sole management of the same upon the assurance by A. A. Kimbrough that he would devise to her from his own separate property more than enough to cover her interest in any of the property formerly belonging to his mother which they shared in common, that might be sold or used by him, as well as her share of the rents and profits of the property. Relying on

36

these promises by A. A. Kimbrough, in whom she had the fullest confidence, and whom she had practically raised from a child, and whose every interest and want she had ministered to, both in the lifetime of his mother and ever since, she did not insist either upon a division of the home place or any other property left by Sallie A. Kimbrough at the time of her death, nor a settlement with him of her share of the rents and profits thereof. Plaintiff trusted implicitly in the promises of A. A. Kimbrough that he would protect her in all of her interests in the manner hereinbefore stated; and accordingly she remained on the home place and managed the domestic affairs thereof as she had agreed to do, and left the business management of the property in the hands of A. A. Kimbrough until his death. Plaintiff alleges her belief, based upon his assurances and her knowledge of his character, that A. A. Kimbrough fully intended to perform his promises, but he died at the early age of 45, intestate, and without, so far as plaintiff knows or is informed, making any provision for her reimbursement in compliance with his promise so to do. Since the death of A. A. Kimbrough plaintiff has remained in possession of the home place and is now in possession of it, but her coadministrators refuse to recognize plaintiff's rights to any part or all of the home place, or any right or title, equitable or otherwise, in any of the property of which Sallie A. Kimbrough died possessed and of which she was in joint possession with A. A. Kimbrough during his lifetime. On the contrary the coadministrators have made application to the court of ordinary for leave to sell about 2700 acres of land described, as the exclusive property of A. A. Kimbrough. This application includes the 540 acres known as the home place, and other lands described in the petition. Plaintiff has filed a claim to the home place and other portions of the lands described, which claim is pending in the superior court. Should the coadministrators carry out their intention of selling the lands described in their application as belonging to the estate of A. A. Kimbrough, plaintiff would be without adequate legal remedy; and unless the efforts of the coadministrators to bring the property to an administrator's sale be restrained, plaintiff will suffer irreparable injury.

Plaintiff alleges "that the agreement between Sallie A. Kimbrough and her father to adopt her was completely and faithfully

performed by her father and by herself, and that the failure of Sallie A. Kimbrough to carry out her agreement by pursuing the method pointed out by law for her adoption, nevertheless, under the facts hereinbefore alleged amounts to a virtual adoption, and that she is in equity entitled to the rights of an equal heir with A. A. Kimbrough in the undevised estate of said Sallie A. Kimbrough." This right of a coheir with A. A. Kimbrough was recognized and acted upon by A. A. Kimbrough in his lifetime, and plaintiff's joint possession with him of the property coming from Sallie A. Kimbrough's estate was in full recognition by him ·of her right as a coheir, and the effort of his administrators to sell all of the property as the estate of A. A. Kimbrough is a denial and defiance of her rights in the property. The court of ordinary of Greene County, wherein the estate is being administered, has no jurisdiction to entertain, determine, and enforce plaintiff's equitable right to have and enjoy any interest as claimed by her in the undevised estate of Sallie A. Kimbrough; but jurisdiction of the cause and of the defendants therein is in the superior court as a court of equity.· The prayer is, that plaintiff be decreed entitled to an undivided half of the realty belonging to the estate of Sallie A. Kimbrough at the time of her death intestate, after the payment of all just debts against her estate; that plaintiff recover of the defendants, as administrators of A. A. Kimbrough, deceased, and undivided half interest in all of the realty coming into their hands as such administrators, belonging to the estate of Sallie A. Kimbrough at the time of her death intestate; that the defendants be restrained and enjoined from interfering in any manner with the possession, use, and enjoyment by the plaintiff of the tract of 540 acres of land described as the home place, and be also restrained and enjoined from selling or in any manner disposing of any of the lands advertised to be sold as the property of A. A. Kimbrough, deceased, by virtue of any order of the court of ordinary; that defendants be restrained and enjoined from distributing, by sale or otherwise, any part of the property described in the petition as belonging to the estate of Sallie A. Kimbrough at the time of her death; and for general relief.

The second count was similar to the first; the prayer of the second count being that it be decreed that plaintiff is entitled to

have specifically performed by the defendants, as administrators of A. A. Kimbrough, deceased, the agreement of their intestate to convey to plaintiff his undivided half interest in the tract of land described as the home place; and that the defendants be enjoined from interfering with the possession, use, and enjoyment by plaintiff of the land known as the home place, and from selling or in any manner disposing of the home place as the property of their intestate, A. A. Kimbrough, by virtue of any order of the court of ordinary. There was also a prayer for general relief.

The defendants demurred to the first count, as follows:

(1) "That the allegations in count one of said petition set forth no cause of action against these defendants." (2) "That said petition shows on its face that the alleged contract sued upon in the first count of said petition is barred by the statute of limitations." (3) "That petitioner's alleged claim has become stale, and that petitioner is guilty of laches in bringing said suit; and for these reasons a court of equity will refuse to grant relief." (4) "That the first count of said petition contains a nonjoinder of parties; for the reason that the contract sued upon is alleged to have been between Mrs. Sarah Ann Kimbrough, of the one part, and the father of petitioner, of the other part; and that if a cause action exists, it is against the estate of Sarah Ann Kimbrough, whose administrator is a necessary and indispensable party to said suit." (5) "That said petition sets forth a misjoinder of causes of action, in that the first count of said petition is a suit predicated upon an alleged contract between Sarah Ann Kimbrough and the father of plaintiff, whereas the second count is predicated upon an alleged contract between the plaintiff and A. A. Kimbrough; one cause of action, if any, arises out of an alleged contract made by Sarah A. Kimbrough; the other cause of action, if any, arises out of a contract with A. A. Kimbrough." (6) "That said petition contains two suits based upon two alleged contracts, both of which contracts show on their face that they were made between separate and distinct parties." (7) "That said first count contains no proper party plaintiff; the contract sued upon, according to the allegations of the petition, having been entered into with petitioner's father, petitioner not being a party to said contract." (8) "That said petition shows on its face that plaintiff has no legal right to maintain said suit, because the petition shows on its face

that plaintiff is administratrix on said estate, and cannot sue said estate for that reason."

The demurrer to the second count is as follows:

(1) " That the allegations of the second count do not set forth a cause of action against defendants." (2) " That the alleged contract sued upon is too vague and indefinite to become the basis of a suit for specific performance." (3) " That the plaintiff has an adequate and complete remedy at law." (4) " That said second count cannot be joined with the first count of said petition, for the reason that said second count is based upon an alleged contract between said Mildred E. Monfort and A. A. Kimbrough, while the first count of said petition is predicated upon an alleged contract between the father of the said petitioner and Mrs. Sarah A. Kimbrough. For said reason said petition contains a misjoinder of causes of action, and said second count is improperly joined with said first count." ('5) " That said petition shows on its face that the plaintiff has no legal right to maintain said suit."

All of the grounds of the demurrers were overruled by the court, and the defendants excepted.

*J. G. Faust, Noel P. Park,* and *Spalding, MacDougald & Sibley,* for plaintiffs in error.

*W. M. Howard, M. P. McWhorter,* and *Miles W. Lewis,* contra.

HILL, J. (After stating the foregoing facts.)

1. The petition in this case was brought in two counts. Demurrers were filed to both. The first and eighth grounds of the demurrer raised the question as to whether the petition sets out an equitable cause of action. We are of the opinion that both counts set out a good cause of action. In *Crawford* v. *Wilson,* 139 *Ga.* 654 (78 S. E. 30, 44 L. R. A. (N. S.) 773), it was held that " A parol obligation by a person to adopt the child of another as his own, accompanied by a virtual though not a statutory adoption, and acted upon by all parties concerned for many years and during the obligor's life, may be enforced in equity upon the death of the obligor, by decreeing the child entitled as a child to the property of the obligor, undisposed of by will." The principle ruled in the *Crawford* case has been approved in the following cases: *Heery* v. *Heery,* 144 *Ga.* 467 (87 S. E. 472) ; *Lansdell* v. *Lansdell,* 144 *Ga.* 571 (87 S. E. 782) ; *Rahn* v. *Hamilton,* 144 *Ga.* 644 (87 S. E. 1061) *Richardson* v. *Cade,* 150 *Ga.* 535 (104 S. E.

207) ; *Bell* v. *Elrod,* 150 *Ga.* 709 (105 S. E. 241). The plaintiff seeks, in the first count of the petition, to have decreed to her one half of the estate of Mrs. Sallie A. Kimbrough who died intestate, which property was either in the possession of the administrators of A. A. Kimbrough, the sole heir at law of Mrs. Sallie A. Kimbrough, or in the estate claimed by them as belonging to the estate of A. A. Kimbrough, and which they claim should be administered as such, the property left by Mrs. Sallie A. Kimbrough and by her son, A. A. Kimbrough, as the sole heir of his mother. It is alleged in the petition that there are no debts against the estate of Mrs. Kimbrough and no administration has been had upon her estate, and that the plaintiff entered into joint possession with A. A. Kimbrough of all the property, one half of which was her own; and that while, after the death of Mrs. Kimbrough, A. A. Kimbrough had the exclusive management of the property, it was with plaintiff's consent. It was also alleged that plaintiff's right to a recovery of the property arose from a virtual adoption of her by her aunt, Mrs. Kimbrough, as set out in the foregoing statement of facts; and that on account of the contract and agreement and conduct on the part of A. A. Kimbrough she had a perfect equity in the property, and that she inherited equally with A. A. Kimbrough from the latter's mother, who had virtually adopted her, and that A. A. Kimbrough acknowledged this status and right to a half interest in the property sued for up to the time of his death.

2. It is contended on the part of the plaintiffs in error that the plaintiff has no right to maintain the suit; that the plaintiff in this case is a coadministrator upon the estate of A. A. Kimbrough; that she occupies a position of trust towards the estate; and that, being an administrator herself, she can not sue her coadministrators. In *MacDougall* v. *National Bank of Columbus,* 150 *Ga.* 579 (104 S. E. 630), it was held: " Where a married woman sued her husband and another holding under him, to cancel deeds executed by the woman to the husband and by him to his transferees, and pending the action the husband died leaving a will in which his wife (plaintiff) and another were named as executors, and the will was duly probated, and the executors qualified, and afterward the death of the husband was suggested of record and the executrix (plaintiff) was made a party defendant,

and thereafter her codefendant moved to dismiss the action upon the ground that the executrix could not be both plaintiff and defendant, and thereupon the plaintiff moved to strike the name of the executrix as party defendant and substitute in her place the name of her coexecutor as one of the parties defendant in the case, *Held*: The suit being in equity, and the general rule at common law not applying, the court erred in disallowing the amendment offered by the plaintiff, and in dismissing the case." In the present case the plaintiff brought her suit as an individual in equity against her coadministrators as defendants; and we are of the opinion that under the facts of this case she could do so.

3. The fourth and seventh grounds of the demurrer to the first count of the petition raise the contention that it is demurrable because of nonjoinder of parties; that the parties to the suit should be the father of the plaintiff and the administrators of Mrs. Sallie A. Kimbrough, between whom the contract of adoption was alleged to have been made. We do not think that these grounds of the demurrer are tenable. Under the allegations of the petition there was a virtual, though not a statutory adoption of the plaintiff by Mrs. Kimbrough; and the father was not a necessary party to the petition, nor the administrators of Mrs. Kimbrough's estate. *Lansdell* v. *Lansdell,* supra. In the *Crawford* case, supra, it was also held that " Such an equitable suit is maintainable by the child in her own name against the administrators of the obligor." In those cases the suit was against the representative of the deceased who had made the contract of adoption. In the present case the suit is against the administrators of A. A. Kimbrough, who was the sole heir at law of his mother, with whom the contract of adoption was made, and all of her property left undisposed of at the time of her death is claimed by the defendant-administrators of A. A. Kimbrough. The contest here is not between representatives of Mrs. Kimbrough and any other person; and the whole controversy is whether the property sued for is that of the plaintiff, or whether it is that of the estate of A. A. Kimbrough. In *Belt* v. *Lazenby,* 126 *Ga.* 767 (5) (56 S. E. 81), it was held: " An agreement to devise, if founded upon sufficient consideration, is, after death of the party who agreed to devise, enforceable against his sole heir at law, by treating the heir as a trustee and compelling him to convey the property in accordance with the contract; and

where the agreement is entire and embraces both real and personal property, and the estate of the decedent is unrepresented and owes no debts, and the heir is in possession of all of such property, it is not necessary, in order to enforce the contract in its entirety, to have an administrator for such estate appointed and made a party to the suit. In such a case, equity, having obtained jurisdiction over the subject-matter and over the heir for the purpose of enforcing the contract as to the land against him, may enforce the whole of the contract against him." And see *Landrum* v. *Rivers,* 148 *Ga.* 774, 792 (98 S. E. 477). We are of the opinion that the ruling in the *Bell* case is applicable here. The allegations of the petition, which are to be taken as true on demurrer, allege a sufficient consideration to support the promise in this case. The plaintiff left the home of her father and mother while she was a minor, and lived with her aunt as an adopted child as long as the aunt was in life, performing such services as an own child would. The contract is entire, and it embraces the real estate involved in this case, which is definitely described; the estate of the decedent is unrepresented and owes no debts; the plaintiff is in possession of the property, and has been since the death of Mrs. Kimbrough as joint owner with A. A. Kimbrough until his death; and therefore we are of the opinion that the plaintiff, according to the allegations of the petition, has a perfect equity which can be enforced in the manner set out in the two counts of her petition. See *Sheppard* v. *Bridges,* 137 *Ga.* 615 (74 S. E. 245).

4. Grounds two and three of the demurrer raise the question of the suit being barred by the statute of limitations and by laches. We are of the opinion that these grounds of the demurrer are without merit. "Laches will not be imputed to one in peaceable possession of property, for delay in resorting to a court of equity to establish his right to the legal title." Especially is this true where there is no assertion of adverse claim of title, and no fact or circumstance to put plaintiff on notice of such claim. *Pavlovski* v. *Klassing,* 134 *Ga.* 704 (3), 709 (68 S. E. 511). The petition expressly alleges that the plaintiff was in possession of the property all the time, and she did not have to sue until her possession was disturbed. When, therefore, her coadministrators obtained an order to sell the property and were proceeding to sell, she promptly filed her claim, according to the allegations of the petition, and

brought this suit within the statutory period to enjoin such sale. Under such circumstances it can not be held that the plaintiff is barred either by the statute of limitations, or by laches, from bringing the present suit.

5. Another ground of the demurrer (6) alleges that the allegations of the petition make two suits based upon two separate contracts, which show upon their faces that they were made between separate and distinct parties. Reference has already been made to grounds four and seven of the demurrer, which raise substantially the same question. Even if this be true, both causes of action are between the same parties and both suits are ex contractu. In *Cooper* v. *Portner Brewing Co.,* 112 *Ga.* 894, 900 (38 S. E. 91), it was said: " While it is permissible for the plaintiff to embrace in his petition as many different counts as he may see proper, provided all of the counts set forth causes of action of a similar nature, i. e., all ex delicto or all ex contractu, each count must set forth a perfect cause of action." As stated above, both causes of action here are ex contractu and are between the same parties, and the petition sets out a good cause of action. The rights of the plaintiff and the rights of the intestate under both contracts set out in the petition are so intermingled that the petition is not open to the criticism that it is multifarious, and the entire question can be decided in one action.

In what has been said above we are not unmindful of the rule that where a parol contract is entered into between two persons, in consideration of services to be performed by one of the parties, that the other will, by deed, will, or otherwise convey certain property to the other party to the contract, equity will specifically enforce the contract " if it be definite and specific, based upon sufficient legal consideration, and the proof of the contract be strong, clear, and satisfactory." *Bird* v. *Trapnell,* 149 *Ga.* 767, 770 (102 S. E. 131) ; *Pair* v. *Pair,* 147 *Ga.* 754 (95 S. E. 295).

We are of the opinion that each count of the petition in this case comes up to the rule laid down in the cases above cited, and that it sets forth an equitable cause of action against the defendants; and therefore that the court did not err in overruling the demurrers filed thereto.

*Judgment affirmed. All the Justices concur.*